## WHEELER & MOTTER MERC. CO. v. GREEN.

No. 12698—Opinion Filed Jan. 22, 1924.

1. **Bankruptcy — Nondischargeable Debt — Liability for Obtaining Property by False Pretenses — Question for State Court.**

In view of the Amendment of 1903 to the Federal Bankruptcy Act, which is as follows: "(Act July 1, 1898, c. 541, chap. 17, as amended Act Feb. 5, 1903, c. 487, chap. 5.) Debts not affected by a discharge. (a) A discharge in bankruptcy shall release a bankrupt from all his provable debts. except such as are * * * (2) Are liabilities for obtaining property by false pretenses or false representations," a liability for obtaining property by false pretenses or false representations is not barred by a discharge in bankruptcy. An allegation that a liability is based on obtaining property by a false credit statement, setting forth the material facts, is sufficient to disclose a liability for obtaining property by false pretenses and states a cause of action for a nondischargeable debt under the Bankruptcy Act. The state court is a proper forum to determine whether or not under the facts such claim has been barred by a discharge in bankruptcy.

2. **Same—Proof and Allowance of Claim on Contract—Surviving Right to Damages for Deceit.**

The filing of a claim for goods sold to the bankrupt does not waive the liability of the bankrupt arising from deceit and false representations made in securing credit, but the creditor still has an action for deceit after the bankrupt's discharge in bankruptcy. The proof and allowance of a claim in a definite sum as a claim founded upon contract does not necessarily indicate such an election on the part of the creditor as will deprive it of the right to sue the bankrupt in a proper court and proceeding for any damages sustained by it through actionable deceit.

3. **Same—Actionable Deceit—False Statement—Failure of Proof.**

In order to make out a case of actionable deceit the following must appear: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) all these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery." Wingate v. Render, 58 Okla. 656, 160 Pac. 614; Henry v. Collier, 69 Okla. 24, 169 Pac. 636; Cooper v. Gibson, 69 Okla. 105, 170 Pac. 220.

In the instant case there is no evidence tending to show that the credit statement made by a merchant was false and no evidence to show that it was known to be false or made recklessly. Held, the trial court properly sustained a demurrer to the evidence for the reason that there was a total failure of proof of one of the material elements of the cause.

4. **Same.**

Record examined, and held, that same discloses a total failure of proof of a material element of the cause of action, and that judgment of the trial court is correct.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by Wheeler & Motter Mercantile Company, against A. A. Green. Judgment for defendant, and plaintiff appeals. Affirmed.

Diamond & Orr, for plaintiff in error.

W. W. Pryor, W. N. Stokes, and H. W. Garber, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. Plaintiff sued defendant to recover an indebtedness in the sum of $1,000.81 for goods, wares, and merchandise sold and delivered. Defendant answered by admitting that on the 10th day of July, 1917, he was indebted to plaintiff as alleged in the petition, but alleged that on July 10, 1917, he was duly adjudged a bankrupt, scheduled all of his property and listed the indebtedness sued on in this action as one of his liabilities. That the plaintiff received its proportionate share of the assets of the defendant; that on the 4th day of December, 1919, defendant was granted a discharge in bankruptcy by the United States Court of the Eastern District of Oklahoma.

To this answer the plaintiff replied, alleging, in substance, that the indebtedness sued on constituted a liability against the defendant for obtaining property by false pretenses or false representations, the specific allegation being that defendant obtained the goods, wares, and merchandise from the plaintiff upon a materially false statement made to said creditor for the purpose of obtaining such property on credit.

It is plain that the petition and the reply state a cause of action against the defendant in view of the amendment of 1903 to the Federal Bankruptcy Act.

United States Compiled Statutes 1916, section 9601, volume 9, page 11239, is as follows:

"(Act July 1, 1898, c. 541, sec. 17, as amended Act Feb. 5, 1903, c. 487, sec. 5.)

Debts not affected by a discharge. (a) A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations. * * *"

Under this section it has been uniformly held by the federal courts that it is an obtaining of property by fraud when an intending buyer procures a sale and delivery to him without the payment by himself on a false statement as to the nature and extent of his finances or as to his ownership of particular property. Friend v. Talcott, 228 U. S. 27, 57 L. Ed. 718; Forsyth v. Vehmeyer, 177 U. S. 177, 44 L. Ed. 723.

It appears also that the proving of the debt by the plaintiff and the acceptance of a dividend from the bankrupt's estate do not bar a nondischargeable debt such as a liability for fraud, false pretenses, and false representations.

Collier on Bankruptcy lays down the rule as follows:

"Under the former law, a creditor who proved his claim could not proceed therein in another court. This is not the law now. He can proceed, though he will usually be halted by a stay. He becomes, however, a party to the bankruptcy proceeding, with all that that condition implies. If his claim, voluntarily filed, is disallowed it is a bar to a suit against the bankrupt on the same cause of action in another jurisdiction. The action of a referee in bankruptcy in allowing a claim is res adjudicata to all who have been made parties to the proceedings in the bankruptcy court, but it has been held that a creditor who has proved in bankruptcy a claim based on a contract and has been paid dividends thereon, may proceed in a state court to recover in tort for the balance due." Collier on Bankruptcy volume 2, page 1186, 1923 Edition.

"The filing of a claim for goods sold to the bankrupt does not waive the liability of the bankrupt arising from deceit and false representation made in securing credit on the purchase of the goods, but the creditor still has his action for deceit after the bankrupt's discharge in bankruptcy." Sanger Bros. v. Barrett (Tex. Ct. of Civ. App.) 45 Am. B. R. 543, 221 S. W. 1087.

"The proof and allowance of a claim in a definite sum, as a claim founded upon contract does not necessarily indicate such an election on the part of the creditor as will deprive it of the right to sue the bankrupt in a proper court and proceeding for any damages sustained by it through actionable deceit." Matter of Nation Bros. (D.C. Mich.) 49 Am. B. R. 245, 283 Fed. 522.

The trial court overruled defendant's objection to the introduction of any evidence based on the ground that no cause of action was stated. This action of the trial court was proper under the foregoing authorities.

The entire evidence of the plaintiff offered in this cause consisted of a deposition which disclosed that on the 9th day of February, 1917, five months prior to defendant's adjudication as a bankrupt, the defendant made a credit statement in writing to the plaintiff's credit man. This financial statement disclosed assets in the sum of $13,450, and total liabilities in the sum of $2,600. It appears that the plaintiff relied on this statement and sold the bill of goods sued on in the belief that this statement was correct. There is no evidence in the record that the credit statement was in fact false in any particular, but the plaintiff contends that the fact that defendant went into bankruptcy five months after making such statement is sufficient evidence to establish plaintiff's contention.

It must be remembered that this situation must be measured by the rules applicable to actionable fraud. This court has held that to constitute actionable fraud the following must be made to appear:

"(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) all these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery." Wingate v. Render, 58 Okla. 656, 160 Pac. 614; Henry v. Collier, 69 Okla. 24, 169 Pac. 636; Cooper v. Gibson, 69 Okla. 105, 170 Pac. 220.

It is clear that when the plaintiff's evidence is tested by the foregoing rules there is a total failure of proof. The fact that a merchant was solvent in February is not disproved by a showing that he was adjudged a bankrupt in July. The fluctuation of trade, the hazards of business, or casualty or accident might have brought about the changed situation without any wrong doing on the part of anyone. In any event the plaintiff assumed the burden of showing that the credit statement was false at the time it was made and that it was either known to be false or made in reckless disregard of the fact at the time when made. The plaintiff failed to offer any proof of this material allegation of plaintiff's cause of action.

The trial court sustained the demurrer to the evidence, and thereby found that

plaintiff had failed to prove a material element of its cause.

The judgment of the trial court is correct and must be affirmed.

By the Court: It is so ordered.