**KINNEY v. VERNOR, Judge.**

No. 20170. Opinion Filed March 26, 1929.

Rehearing Denied April 30, 1929.

T. J. Lillard, Calvin Stewart, and W. Otis Ridings, for petitioner.

Eck E. Brook, for defendant and respondent.

SWINDALL, J. This is an original action commenced in this court by Thomas Kinney, plaintiff and petitioner, against Hon. Enloe V. Vernor, judge of the district court in and for Muskogee county, Okla., wherein the petitioner on February 25, 1929, presented to this court his petition praying for a writ of prohibition against the respondent taking further action in case No. 19597, in the district court of Muskogee county, wherein W. C. Farrill and Mary E. Farrill are plaintiffs, and Thomas Kinney is defendant.

The record in this court shows that on February 23, 1928, W. C. Farrill and Mary E. Farrill commenced an action in the district court of Muskogee county against the petitioner, Thomas Kinney, as defendant, and upon the issues joined, a jury was waived and said cause tried before Hon. W. J. Crump, on June 16, 1928, resulting in a judgment in favor of plaintiffs. Motion for new trial was duly filed, presented, and overruled, and no appeal taken from said judgment. The controversy in that case grew out of an exchange of real estate, wherein Thomas Kinney, the petitioner in this case, and the plaintiffs in that action entered into a written contract whereby the petitioner agreed to exchange a 40 acre tract of land owned by him to the said plaintiff, W. C. Farrill, free, clear, and discharged from all debts, mortgages, taxes, and incumbrances of whatsoever nature, and the said plaintiff, W. C. Farrill, in consideration thereof, agreed to convey to the petitioner, Thomas Kinney, 130 acres of land, free, clear, and discharged of all debts and incumbrances. It was further agreed that each party was to furnish the other with an abstract showing the lands to be free and clear of all debts and incumbrances, and that the deeds were to be deposited in the First National Bank of Muskogee, Okla., and to be delivered by the said bank to the respective parties as soon as the abstracts were procured, examined, and approved. The record further shows that the agent of petitioner went with W. C. Farrill and Mary E. Farrill to the First National Bank of Muskogee, Okla., arriving after the bank was closed, and then induced the Farrills to permit him to retain possession of the abstract and deed until the day following, at which time he promised them he would deposit the deeds and abstracts in the bank, subject to the terms of said agreement, but, on the contrary, he delivered the deed to the Farrill property to Thomas Kinney and Kinney proceeded to have the same recorded in the office of the county clerk of Muskogee county, and executed a mortgage on the same, securing the payment of a note of $1,000 and a commission note of $140. A short time after this mortgage was placed of record, W. C. Farrill advised the petitioner, Thomas Kinney, that there was a mortgage on the land which Kinney had agreed to exchange to the Farrills for their land, of $1,000, and that Kinney had also placed a $1,000 mortgage upon the land which the Farrills had agreed to convey to him and had placed the deed to said property of record. Kinney stated that he had placed the deed from W. C. Farrill and wife to him of record in order that he might secure a loan of $1,000 to pay off the mortgage on the property that he had conveyed to the Farrills, and which he had agreed was to be free and clear of incumbrances, and that he was

going to use the proceeds of the mortgage for the purpose of paying off the mortgage on the land he had traded the Farrills. Instead of doing so, he retained the proceeds from the mortgage on the property and never satisfied the mortgage on the property which he had traded to the Farrills, according to his agreement which fraud and deceit on his part resulted in the institution of the suit in Muskogee county by W. C. Farrill and Mary E. Farrill, as plaintiffs, against Thomas Kinney, as defendant, and which resulted in a judgment in favor of the Farrills.

After this judgment was entered, the petitioner, Thomas Kinney, filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Oklahoma, and was duly adjudged a bankrupt, and on February 11, 1929, was discharged from all debts and claims which are made provable by the bankrupt acts of the United States.

On February 13, 1929, in the case in Muskogee county, the petitioner filed a pleading styled, "Petition for Perpetual Stay of Execution," and on the same date the plaintiffs filed a pleading styled their "Replication to said Petition," which is in the nature of an answer thereto. Then petitioner came to this court praying for a writ of prohibition against Hon. Enloe V. Vernor, judge of the district court in and for Muskogee county, further proceeding in said case, upon the grounds that the district court was without jurisdiction to further proceed to hear evidence after final judgment had been entered and the term of court at which judgment was entered had expired, and that the judgment was barred by the discharge in bankruptcy. An alternative writ was issued fixing the hearing thereon for ten o'clock a. m. on March 11, 1929. The respondent has filed and presented his response, and from the record before us, it appears that the proceedings in the district court in the case of W. C. Farrill and Mary E. Farrill, Plaintiffs, v. Thomas Kinney, which the petitioner seeks to prohibit was set in motion by the petitioner filing his petition for perpetual stay of execution, to which said petition the plaintiffs have filed their replication, which is in the nature of an answer to said petition, and it is upon these ancillary proceedings that the district court of Muskogee county is attempting to proceed.

"Prohibition is an extraordinary writ and cannot be resorted to when the ordinary and usual remedies provided by law are available. It will only issue where an inferior tribunal does not have jurisdiction or assumes to exercise judicial power not granted by law or is attempting to make an unauthorized application of judicial force." Jeter v. District Court of Tulsa County, 87 Okla. 3, 206 Pac. 831.

From the record of the proceedings in the case in the district court of Muskogee county, we are of the opinion that the evidence was sufficient to justify the trial court in finding and holding that the sum of $1,000 was obtained by the petitioner in this cause from W. C. Farrill and Mary E. Farrill by fraud and deceit, and the trial court in entering judgment in that case on June 16, 1928, sets forth sufficient facts to warrant us in arriving at that conclusion. And the court further recites in the journal entry of judgment:

"That the pleadings are hereby amended to the real issues in the case and the facts in the case in the event the pleadings do not now conform to the real issues."

The real issue in the case was whether or not the petitioner in this case was guilty of fraud and deceit when he represented to the plaintiffs in that case that he would deposit their deed and abstract in the bank the next day after the contract was made and thereby induced them to deliver the deed and abstract to him or to his agent, and instead of depositing the deed and abstract in the bank, he proceeded to place the deed on record, and execute a mortgage upon Farrill's property and secure a loan of $1,000, and when the Farrills inquired of him about this transaction, he stated that he did so to raise sufficient funds to liquidate the mortgage that was on the property which he had agreed to exchange to the Farrills for their property, and which he represented was free and clear of incumbrance.

This court will not permit a litigant to perpetrate a fraud of this character and procure other people's property, and then use the process of this court as a shield to cover his iniquity.

In the case of Wheeler & Motter Merc. Co. v. Green, 97 Okla. 96, 222 Pac. 965, this court said:

"In view of the Amendment of 1903 to the Federal Bankruptcy Act, which is as follows: '(Act July 1. 1898, c. 541. chap. 17, as amended Act February 5, 1903, c. 487, sec. 5.) Debts not affected by a discharge. (a) A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as are * * * (2) Are liabilities for obtaining property by false

pretenses, or false representations,' a liability for obtaining property by false representations is not barred by a discharge in bankruptcy. An allegation that a liability is based on obtaining property by a false credit statement, setting forth the material facts is sufficient to disclose a liability for obtaining property by false pretenses and states a cause of action for a nondischargeable debt under the Bankruptcy Act. The state court is a proper forum to determine whether or not under the facts such claim has been barred by a discharge in bankruptcy."

"Proof of a claim in bankruptcy as one upon contract, and participation in the distribution arising from a composition with creditors, is not a bar to an action for deceit in obtaining on credit, by false reports to a commercial agency, the goods, the price of which formed the basis of such claim.

"The exemption from the operation of a discharge in bankruptcy, made by the bankrupt act of July 1, 1898, and the amendment thereto, do not rest upon any theory of the exclusion of the creditor from the bankrupt act, or of deprivation of right to participate in the distribution, but solely on the ground that although such rights are enjoyed, an exemption from the effect of the discharge is superadded.

"A general discharge in bankruptcy, resulting, under the bankrupt act of July 1, 1898, s. 14, sub-div. c. from the approval of a composition with creditors, over an objection by a creditor that the bankrupt had obtained goods from him and other creditors by false reports as to financial condition, made to a commercial agency, cannot be regarded as such an adjudication as will bar an action by such creditor for deceit, in view of the distinction which the bankrupt act makes between the general discharge and the right of a particular creditor to be exempt from the operation of such discharge." Friend et al. v. Talcott, 228 U. S. 27, 57 L. Ed. 718; Talcott v. Friend, 179 Fed. 676, 43 L. R. A. (N. S.) 649; Sanger Bros. v. Barrett (Tex. Civ. App.) 221 S. W. 187.

"A discharge in bankruptcy does not automatically relieve the bankrupt from a debt, even if scheduled and provable, but may be pleaded by him in defense to an action thereon; its effect in a particular case to be determined by the court in which the action is brought." In re Weisberg, 253 Fed. 833.

The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts proved, and where the trial court granted leave to plaintiffs to amend their petition to conform the same to the proof, the case being one where the pleadings might have been properly amended and where the trial court found on the issue in favor of the plaintiffs, the Supreme Court will consider the case as if the issue had been properly made by amendment, when such defects or omissions are supplied by the proof. Mulhall v. Mulhall, 3 Okla. 252, 41 Pac. 577; Gearhardt et al. v. Moulder, 85 Okla. 200, 205 Pac. 141; Kingfisher M. & E. Co. v. Westbrook, 79 Okla. 188, 192 Pac. 209.

"So, in the district court of Muskogee county, the trial court, in furtherance of justice, had the authority to permit the pleadings to be amended to conform to the facts proved, and the trial court having granted leave to plaintiffs to amend their petition to conform the same to the proof, the case being one where the pleadings might properly have been amended, and where the trial court found on the issue in favor of the plaintiffs, the Supreme Court will consider the case as if the issue had been properly made by amendment, when such defect or omissions are supplied by the proof. And from the record in this case, there is no doubt that the facts were sufficient to justify the trial court in finding that Thomas Kinney practiced fraud and deceit upon the Farrills in inducing them to deliver the deed and abstract to his agent, to be delivered to him, and he placing the same of record, and securing a loan upon the property upon the representations that he expected to use the money to pay off the mortgage on the property he had traded to the Farrills, and then refusing to do so, and filing a voluntary petition in bankruptcy, and immediately rushing into the district court of Muskogee county with his petition to perpetually stay the execution upon the judgment in the case of W. C. Farrill and Mary E. Farrill against Thomas Kinney, and the plaintiffs accepted the issue tendered by his petition, and filed their answer to the same in the ancillary proceedings in the district court of Muskogee county to determine whether or not the judgment should be permanently barred or whether the same was still in force. The district court of Muskogee county in exercising control over its process had the authority to determine whether or not execution upon said judgment should be perpetually stayed, and if the court found that the judgment was barred by the bankruptcy proceedings, then the district court has the right to prohibit the issuing of further executions or garnishment proceedings in aid of said judgment. But, on the other hand, if the court found that said judgment was founded upon fraud and deceit practiced by Thomas Kinney upon the Farrills, then the

same would not be barred by the discharge of Thomas Kinney in bankruptcy.

We therefore find and hold that the petitioner is not entitled to the relief prayed for, and the alternative writ of prohibition, heretofore issued, is hereby quashed and a permanent writ of prohibition is denied and refused.

LESTER, V. C. J., and HUNT, HEFNER, CULLISON, and ANDREWS, JJ., concur.

MASON, C. J., and CLARK and RILEY, JJ., absent and not participating.