**SHORT v. DUNN, County Judge, et al.**

No. 27600.   March 16, 1937.

Rehearing Denied April 20, 1937.

G. G. McBride, for petitioner.

George M. Nicholson, for respondents.

RILEY, J. This is an original action wherein a writ of prohibition is sought to prohibit respondents from proceeding further in the administration of petitioner's property and estate under 'an order made by respondent Jesse H. Dunn, county judge, July 1, 1935, appointing respondent Hattie Ellen Short guardian of the person and estate of petitioner.

The petition for the writ is long and involved. Matters are alleged 'at length concerning proceedings had prior to the order of July 1, 1935, setting forth alleged irregularities, mismanagement and waste of property and estate under former guardianship proceedings wherein respondent W. W. Short was guardian.

The petition and exhibits, certified copies of the proceedings leading up to the appointment of the guardian here in question, show substantially that on October 5, 1934, respondent Hattie Ellen Short and Brunella Short, her daughter, alleged to have been acting at the instance of W. W. Short, and under threats to disinherit them, filed a petition in the county court of Murray county to have petitioner adjudged insane and committed to the Central State Hospital at Norman; that respondent Jesse H. Dunn, as county judge, set said petition for hearing on October 6, 1934, at 9:30 o'clock a. m.; that no notice of any kind or character was served upon petitioner; that on October 6, 1934, without any notice whatever to petitioner, said county judge heard said petition and found and adjudged petitioner to be insane and committed her to the hospital at Norman. The sheriff executed said order and commitment on the same day; that petitioner remained in said hospital until about January 18, 1935, at which time she was transferred to the Eastern Hospital at Vinita. It is alleged that the transfer was at the instance of W. W. Short.

While said petitioner was confined at the hospital at Vinita, respondent Hattie Ellen Short filed a petition in the county court of Murray county to have herself appointed guardian. This petition was also heard, and an order was made appointing Hattie Ellen Short guardian without any notice whatever to petitioner. This latter proceeding was conceded to be void, and the court, later, upon the petition of the guardian, vacated said order. In the meantime the so-called guardian had sold a part of petitioner's land for $800, and no accounting had been made of the money.

The petition to vacate the appointment was filed June 21, 1935, and an order was entered the same day vacating the appointment. No final account appears to have been filed. On the same day a new petition was filed seeking the appointment of Hattie Ellen Short as guardian of the person and estate of petitioner. This petition was set for hearing for July 1, 1935, and the county judge entered an order appointing the medical superintendent of the hospital at Vinita to serve notice thereof upon petitioner. Said notice was served by the superintendent by delivering a copy thereof to petitioner on June 24, 1935, as shown by his affidavit. Said petition was heard on July 1, 1935, and an order was made appointing the guardian as prayed. Petitioner was not present at this hearing and was not represented by any person. The county judge entered an order excusing her presence on the ground that she was 'an inmate of the hospital at Vinita, and unable to attend for that reason. Hattie Ellen Short was again appointed guardian 'and qualified as such, giving a bond with W. W. Short and another as sureties. Thereafter she completed sale of an oil and gas lease covering 500 acres of petitioner's land, and it appears proceedings are pending for the sale of a portion of the land. Thereafter, on June 18, 1936, petitioner was paroled and released from the hospital.

On or about October 17, 1936, petitioner filed in the county court a motion to vacate, set aside, and hold for naught the order of the court of July 1, 1935, appointing the guardian, upon the ground that the order was void for the reasons: (a) That the notice required by section 1445, O. S. 1931, was not issued 'and served upon petitioner as required by law, in that petitioner was illegally restrained of her liberty at the time, and held in the custody of the officials of the hospital by virtue of a void commitment; that the court did not have jurisdiction to commit petitioner to the State Hospital on October 9, 1934, for want of notice, etc.; (b) that the notice of hearing the petition to appoint the guardian was void for the reason that the superintendent of the hospital was authorized to serve notice only upon persons legally committed thereto; (c) that the purported order excusing the presence of petitioner at the hearing was a nullity, because the judge of the county court well knew that petitioner had been illegally committed, and it was for that reason she could not attend; and (d) that her illegal commitment to the hospital was the result of a conspiracy to deprive petitioner of her property and permit her husband, W. W.

Short, to enjoy the same. This motion was heard October 29, 1936, and denied.

The appearance docket shows that petitioner excepted to the order denying the motion and gave notice of appeal. The order denying the motion shows exceptions saved, but does not show notice of intent to appeal.

The petition for the writ was filed in this court November 27, 1936, and we assume no appeal was taken from the order denying the motion to vacate the appointment of guardian.

Petitioner asserts in her petition here that she has fully recovered her competency. This, however, was not one of the grounds set up in the motion to vacate the order appointing guardian.

Response is filed in which they rely upon the regularity of the proceeding for the appointment of the guardian, and admit the filing of the motion in the county court to vacate, and its denial, and assert that petitioner's sole remedy was by appeal, and that the writ of prohibition will not issue as a substitute for appeal.

The record contains complete certified copies of the proceedings of the petition to inquire into the sanity of petitioner, as well as those going to appointment of the guardian.

Under Ex parte Schaeffer, 177 Okla. 464, 60 P. (2d) 1037, the order of October 6, 1934, finding petitioner insane and committing her to the Central State Hospital at Norman was wholly void. It was there held:

"Under statute, service of notice of sanity hearing on person alleged to be insane is essential, unless court or judge thereof dispenses with service and states in certificate to be attached to petition its reason for dispensing therewith. (St. 1931, sec. 5005; Const. Okla. art. 2, sec. 7; Const. U. S. Amend. 14.)

And:

"Failure to comply with statutory requirements of personal service of notice of hearing on petition for inquiry into sanity held to render order of commitment to hospital invalid as denial of due process."

There was no service of notice in this case, as in that case. If the question were one alone of the commitment of petitioner to the State Hospital, no further discussion would be necessary.

The real question presented is whether, under the circumstances shown by the record, there was notice sufficient to give the county court jurisdiction to appoint the guardian under the petition filed June 21, 1935.

It would seem to be a harsh rule under which a person could be informed against and without notice committed to prison, or proceeded against in an insanity hearing and be committed to a state institution without any notice whatever, and by a court having no jurisdiction whatever, and thereunder be transported a great distance from home, and while there confined have a guardian appointed under a notice issued and served under conditions that rendered it impossible for such person to appear, be heard or defend against such proceedings, have property taken away, sold, without consent, although there be innocence of any offense in the first case, or normal mentality or sanity in the other.

In this case notice of hearing of the application for appointment of guardian was served by the medical superintendent of the hospital at Vinita upon petitioner more than five days before the date set for the hearing, while petitioner was confined therein. His authority so to do was the order of the county court of Murray county appointing the superintendent for that purpose. If this notice and the service thereof was wholly void, there would be but one thing to say, and that would be that the court was without jurisdiction to appoint the guardian just as the court originally was without jurisdiction to enter the order declaring petitioner insane and committing her to the asylum.

Proceedings to appoint a guardian for an incompetent person are entirely separate and apart from proceedings looking to the commitment of persons to a hospital for the insane. The county court has jurisdiction of either proceedings independent of the other. Donaldson v. Winningham (Wash.) 93 P. 534.

In the cited case it was held that the proceedings to inquire into the sanity of the person for whom a guardian was afterwards appointed had no place in a proceeding questioning the validity of the order appointing the guardian, where no question of fraud was presented.

In this case fraud and conspiracy are charged. But that presents a question of fact, and like any other question of fact, it is to be considered and passed upon by the court having jurisdiction to hear and determine the motion to vacate the order appointing the guardian. It is subject to review by appeal.

We are not prepared to say that the or-

der of July 1, 1935, adjudging petitioner incompetent and appointing a guardian was wholly void for want of notice; whether it would be sustained in an appeal from an order denying a motion to vacate the appointment is another matter and is not properly here.

It may be conceded that, taking into consideration the fact that the proceedings under which petitioner was declared insane and committed to the State Hospital at Norman and thereafter transferred to Vinita, where notice of the application for appointment of the guardian was served upon her, and her consequent inability to be present at the hearing, was good grounds for setting aside the order appointing the guardian, but the order appointing the guardian was at most irregular. It is valid and binding until set aside by the proper court in appropriate proceedings.

Counsel for petitioner evidently took this view when he filed and presented the motion in the county court to vacate the order appointing the guardian. When this motion was presented to the county court, that court had the jurisdiction and power to hear and determine the matter. Conceding that the order of the county court denying the motion was erroneous, it does not follow that this court will, in a proceeding of this kind, correct the error by writ of prohibition.

Appeal, as provided by law, is the procedure for the correction of such errors. It has many times been held by this court that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies are available, and the writ cannot take the place of, or be substituted for, appeal. Hoskins v. Hays, 135 Okla. 262, 275 P. 347; Kinney v. Vernor, Judge, 136 Okla. 166, 276 P. 750; K, O. & G. Ry. Co. v. Johnston, 136 Okla. 301, 278 P. 271; Harrington v. District Court of Nineteenth Dist., 137 Okla. 286, 279 P. 317.

In this case it appears that petitioner was the owner of 1,101.69 acres of land, most of which she inherited from her father; that in addition thereto she inherited personal property of the value of several thousand dollars. It is charged in the petition that large sums of money have been spent by W. W. Short under former guardianship, without proper accounting, and that respondent Jesse H. Dunn, as county judge, has been lax in his duties in failing to require proper accounting for that money. Petitioner attempts to substantiate this charge by affidavits and by certified copies of the report of said guardian attached to the peti-

tion. It is also alleged that petitioner is now fully restored to competency and is in every way competent to manage her own property.

If this be true, it wou'd be grounds for discharging the guardian and settling the guardian's account. This remedy is open to petitioner. That question was not raised in the motion to vacate the order appointing the guardian.

Petitioner had the right to appeal from the order denying the motion to vacate the appointment of a guardian. She still has the right to present the question of present competency to manage her property, and therein may challenge the qualification of the respondent Dunn as to bias, prejudice, etc., and to appeal from any adverse decision, and thus protect her rights in the premises.

The writ of prohibition is denied.

PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and WELCH, J., concur in conclusion. BUSBY, J., absent.