**WATCHORN BASIN ASSOCIATION of the State of Oklahoma and W. D. Greenshields, Petitioners,**

v.

**OKLAHOMA GAS AND ELECTRIC COMPANY, a public utility corporation of the State of Oklahoma, and Oklahoma Water Resources Board of the State of Oklahoma, Respondents.**

No. 47163.

Supreme Court of Oklahoma.

Feb. 26, 1974.

Rehearing Denied July 16, 1974.

W. D. Greenshields, Roy E. Grantham, of Grantham, Casey & Kirkpatrick, Ponca City, Robert M. Murphy, Berry, Murphy & Osborn, Stillwater, for petitioners.

H. Duane Stratton, Paul Walters, John W. Harbour, Jr., Oklahoma City, for respondent, Oklahoma Gas & Electric Company; Joseph F. Rarick, Norman, of counsel.

Larry Derryberry, Atty. Gen. of Okl., Steven E. Moore, Asst. Atty. Gen. of Okl., Oklahoma City, for respondent, Oklahoma Water Resources Bd.

IRWIN, Justice:

Oklahoma Gas and Electric Company [O G & E] filed its Application [No. 73–440] with the Oklahoma Water Resources Board [Board] to appropriate for its beneficial use a certain amount of water from Greazy Creek, a tributary of the Arkansas River. This water will be used for a new electric generating station and off-stream cooling reservoir that O G & E plans to construct.

O G & E has acquired part of the land necessary for this project and proposed to acquire the remaining land either by purchase or by eminent domain proceedings. According to Petitioners' petition, O G & E has already acquired by contract or purchase approximately 4,000 acres of the 12,000 acres it proposes to acquire. Petitioners own a part of the land that O G & E proposes to acquire.

Petitioners seek a Writ of Prohibition prohibiting Board from further proceeding on the application of O G & E for the appropriation of the water.

Petitioners contend that O G & E does not have the power or authority to condemn their land for this project; and that Board is not vested with jurisdiction to consider O G & E's application for the appropriation of water until it is shown that O G & E owns or can acquire the land necessary for the project.

Petitioners' alleged entitlement to the writ of prohibition is based on the theory that since Board does not have jurisdiction to consider O G & E's application as the proceedings now stand; and since Board has no authority to determine whether O G & E has the right to condemn their land for this project, this Court should forthwith determine as a matter of law whether O G & E has the right to condemn, and upon this Court's determination that it does not, the writ should issue.

Petitioners cite no statutory or decisional law supporting their proposition that Board is not vested with jurisdiction to consider O G & E's application until it is shown O G & E owns or can acquire the land necessary for the project. The relevant provisions relating to O G & E's application are 82 O.S.1973, Supp. § 105.1 et seq. There is no reference to any requirement that an applicant must own or be able to acquire the land necessary for its project prior to making an application to appropriate water under the circumstances here presented, or that the Board does not have jurisdiction to consider the application until applicant shows it owns or can acquire the land necessary for its project. 82 O.S.1971, Supp., § 105.12, provides that after the hearing on the application the Board shall determine from the evidence presented whether there is unappropriated water available in the amount applied for and it also must determine other matters therein specified. In this connection, § 105.9 of the Act, provides that an applicant intending to acquire the right to any beneficial use of water, shall, before commencing any construction for such purposes or before taking the same from any constructed works make an application with the Board.

 We hold O G & E's ownership of or its right to acquire, the land necessary for this project is not a pre-requisite for the Board's jurisdiction to consider the application of O G & E.

Neither O G & E nor Board contend that Board has the power to determine whether O G & E has the right to condemn Petitioners' land for the project.

Petitioners have requested in this original proceeding that we determine this issue although no condemnation proceedings have been commenced.

Article VII, § 4, of the Constitution, grants this Court superintending control over all inferior courts, and all agencies, commissions and boards created by law. In Heartsill v. County Election Board of Carter County, Okl., 326 P.2d 782, an original proceeding was commenced to require the election board to place a candidate's name on the ballot. There we said:

"While it is true that courts may not, by extraordinary writ, control a body, such as an election board, in the performance of its ministerial acts, nor ordinarily review its exercise of discretion, yet, where the act involved is quasi-judicial, rather than ministerial, and the public has an interest, or this Court's refusal to take jurisdiction would result in a practical denial of justice, our power to grant such a writ is beyond question."

■ However, prohibition being an extraordinary writ, resort to it cannot be had when the ordinary and usual remedies are available, and the writ cannot take the place of, or be substituted for, appeal. Short v. Dunn, 180 Okl. 21, 67 P.2d 18.

■ The application of O G & E [No. 73–440] was filed on October 31, 1973. Notice was given that a hearing would be held by the Board on January 25, 1974, and that "any interested person may appear and show cause, if any, why approval should not be granted for the purposes specified in said application." Petitioners filed this original proceeding on January 17, 1974, to prohibit Board from proceeding in the matter. Board has postponed the hearing until disposition is made of this proceeding. Petitioners are attempting in this proceeding to substitute the extraordinary writ of prohibition when ordinary and usual remedies [appellate proceeding] are available.

■ If and when O G & E commences condemnation proceedings against petitioners, petitioners then, at the proper time, can challenge O G & E's right to condemn.

The decision of the trial tribunal in the condemnation proceedings adjudicating the question of the right to condemn is a final order from which an appeal to this Court will lie. Town of Ames v. Wybrant (1950), 203 Okl. 307, 220 P.2d 693. This Court will not in this original proceeding, adjudicate O G & E's right to condemn petitioners' property.

Petitioners also contend that Board has no jurisdiction to consider O G & E's application until O G & E has obtained a permit and license from the Federal Power Commission of the United States. The authority relied upon by Petitioners to sustain this contention will not authorize this Court in this proceeding to determine as a matter of law that such contention is correct.

Application to Assume Original Jurisdiction granted; Application for Writ of Prohibition denied.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.