No. 4860.

MRS. INDIA BROWN AND HUSBAND vs. JAMES GARRARD AND A. N. CRAIG.

Factors and commission merchants, when exercising their functions of receiving selling, taking their commissions, and accounting to their principals, are acting in a fiduciary capacity within the meaning and intendment of the thirty-third section of the bankrupt law of 1867, and not relieved from obligations contracted in that capacity by a discharge in bankruptcy.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J. *Labat & Aroni,* for plaintiff and appellant. *Billings & Hughes,* for defendants and appellees.

LEONARD, J. The plaintiff, a married woman, separate in property from her husband, sued the defendants for the sum of $1183 97, being the balance due her from the proceeds of cotton shipped to the commission house of Garrard, Craig & Co., of which defendants were members. Garrard and Craig admit the correctness of the indebtedness, and that it arose in the manner stated by the plaintiff, but pleaded their discharge in bankruptcy as a bar to plaintiff's claim.

The bankrupt act declares that no debt shall be discharged under that act which was created by one "acting in a fiduciary capacity." In the case of Banning vs. Bleakly & Co., 27 An., it was decided that "factors and commission merchants when exercising their functions of receiving, selling, taking their commissions, and accounting to their principals, are acting in a fiduciary capacity within the meaning and intendment of the thirty-third section of the bankrupt law of 1867, and are not relieved from obligations contracted in that capacity by a discharge in bankruptcy."

This decision is conclusive of the case before us.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be reversed, and that the plaintiff, Mrs. India Brown, recover of the defendants, James J. Garrard and Archy N. Craig, *in solido,* the sum of eleven hundred and eighty-three dollars and ninety-seven cents, with five per cent interest from February 5, 1872, and costs of both courts.