No. 6591.

SUCCESSION OF R. H. BAYLY. OPPOSITION OF WASHINGTON AND LEE UNIVERSITY.

The State courts have jurisdiction to determine whether a debtor is released from certain debts, by his discharge in bankruptcy.

The executor of a succession is liable in a fiduciary capacity for all succession funds received by him, or which come under his control; and he can not change the nature, or relax the stringency of his obligation for such funds, by wrongfully allowing them to be received by, or pass into the possession of a commercial firm, of which he is a member.

The amendment of the Bankrupt Act authorizing *compositions* to be made, was merely designed to provide another *mode* by which discharges in bankruptcy could be effected; but it was not intended to enlarge the scope of discharges, and thus enable the debtor to liberate himself from any class of obligations, which a discharge under the original bankrupt act would not free him from. Hence a composition, under the bankrupt act, will not release the debtor from any fiduciary debt.

A PPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*Finney & Miller* and *Fernandez & Kruttschnitt* for opponent and appellant.

*Kennard, Howe & Prentiss* for executor and appellee.

The opinion of the court was delivered by

MANNING, C. J. G. M. Bayly is the testamentary executor of the succession of R. H. Bayly, and in that capacity filed an account of his administration April 21. 1876, the homologation of which was opposed by the Washington and Lee University, a legatee of the deceased. The lower court satisfactorily disposed of all the grounds of opposition except one, viz., an item of $18,021 79 which is stated in the account to be the balance due the Bechnel plantation by G. M. Bayly and Pond.

This plantation is owned by Bechnel and the succession of R. H. Bayly in equal parts. The executor is one of the firm of G. M. Bayly & Pond, which firm was the factor of the plantation for several years, and the sum above mentioned is the balance due by that firm on account. The firm went into bankruptcy, this balance being due at the time of filing their petition.

It is contended on the part of the opponent, that the executor must be compelled to account for this balance as cash, and that no proceedings in bankruptcy on behalf of the firm, or its individual members, can discharge this debt because *quoad* the executor, it is fiduciary in its character. The executor, on the other hand, insists that the debt is not due from himself but from a juridical person, distinct from him, i. e., the commercial firm, and therefore he is not liable for it as a fiduciary—that even if liable under the original law, a composition made under

authority of the amendatory Act of Congress of June 22 1874 extends to all debts due by the bankrupt, and discharges him from them—and lastly that only the court having jurisdiction of the proceedings in bankruptcy has jurisdiction to determine whether the discharge is complete or not.

This last objection is waived in the brief of the executor's counsel, and properly, since there can be no doubt that the State court has the jurisdiction necessary to determine that question.

Upon the first point, we think the debt was fiduciary in its character. The executor had not the right to allow the funds of the estate he was administering to remain in the hands of the firm, of which he was a member. Or rather the instant those funds came into the hands of the firm, they were in his hands, not individually but as executor. He could not be expected or compelled to collect a debt of himself, but he is chargeable with the debt as so much money held by him for the estate. Fuselier vs. Rabineau, 11 Annual, 393.

The second objection involves an adjudication of the scope and extent of a composition, duly made under authority of the bankrupt court. The Bankrupt Act enacts that no debt created by the bankrupt, while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy, but the debt may be proved, and the dividend thereon shall be a payment on account of such debt. U. S. Rev. Stats. Sec. 5117. The act of 1874 provides that in all cases of bankruptcy, now pending, or to be hereafter pending by or against any person, whether an adjudication in bankruptcy shall have been had or not, the creditors of such alleged bankrupt may, at a meeting called under the direction of the court, and upon not less than ten days' notice to such known creditor, of the time, place and purpose of such meeting, such notice to be personal or otherwise, as the court may direct, resolve that a composition, proposed by the debtor shall be accepted in satisfaction of the debts due to them from the debtor; and such resolution shall, to be operative, have been passed by a majority in number and three fourths in value of the creditors of the debtor assembled at such meeting, either in person, or by proxy, and shall be confirmed by the signatures thereto of the debtor, and two thirds in number and one half in value of all the creditors of the debtor.      *      *      *      *      *

The provisions of a composition accepted, by such resolution, in pursuance of this section, shall be binding on all the creditors, whose names and addresses and the amounts of the debts due to whom are shown, in the statement of the debtor, produced at the meeting at which the resolutions shall have been passed, but shall not affect or prejudice the rights of any other creditors. U. S. Stat., 1st Sess., 43d Cong., 182, Sec. 17.

That a composition was made by the bankrupt in due form is not denied, and we are referred to several decisions of the Circuit courts of the United States to shew that all debts of whatever character are dischargeable under the authority of this amendatory law. Bechet's case, 2 Woods, 173. and others in same volume. Woolsey vs. Cade, 15 National bankruptcy Register, 238.

But it is very clear that when the courts in these decisions adjudge that a composition, accepted by the creditors and approved by the Court, discharges the bankrupt debtor from the claims of all creditors, whose names, addresses, and the amount of debts due them, are shewn in the debtor's statement, they can and do only refer to those debts that are dischargeable by the original Act. There are certain classes or kinds of debts that cannot be discharged by proceedings in bankruptcy. For all debts that can be discharged, the bankrupt Act provides the means and forms through which such discharge can be effected. The amendatory act of June 1874 provided only an additional mode by which the bankrupt should be relieved of dischargeable debts, but did not change the fundamental prohibition against a discharge for certain enumerated kinds of debts.

The ruling in Woolsey vs. Cade is, that a debt due from a factor for the proceeds of goods sold is barred by his discharge in bankruptcy, and the reasoning of the judge in that decision confirms our view of the point now under consideration. He is discussing the difference in phraseology between the bankrupt Acts of 1841 and 1867, and adopts the language of Blatchford J. in another case;—"But in the act of 1867, the language seems to have been intentionally made so broad as to extend to a debt created by a defalcation of a bankrupt, and while acting in any fiduciary capacity, and not to be limited to any special fiduciary capacity. Therefore, under the act of 1867, no debt created by the defalcation of a bankrupt, while acting in any fiduciary capacity, will be discharged." *In re* Seymour, 1 Nat. Bankrupt Rep. 29. Woolsey's case, *ut supra* 240. Chief Justice Brickell then proceeds to argue and decide that the debt of a factor for the proceeds of goods sold is not included in or under the debts called fiduciary in the bankrupt Act, but the whole tenor and effect of his decision shews that if such debt of a factor had been regarded by him as fiduciary, he would have ruled that it was not dischargeable by the proceedings in bankruptcy. And he uses these forcible expressions pertinent to the matter in hand :—"The trustee of an express trust, such as an executor, administrator, or guardian, or a mere collecting agent, can not, without a dereliction of duty more or less censurable, become indebted to his *cestui que trust* or to his principal. A fiduciary relation between him and the person he represents exists previously to and independent of the particular transaction

from which a debt can originate. Because of his want of fidelity and his dereliction of duty, it may be just to withhold from him the relief intended only for the unfortunate. Trustees and agents, of the character of which we speak, can not mingle with their own the funds they may receive in their representative character. If deposited in a bank, they must be deposited as trust funds. Mingling or depositing them as their own is a destruction of the means of tracing and identifying them, and is a conversion rendering them absolutely liable for them." *ut supra* 243.

The debt, acknowledged to be due by the firm of Bayly & Pond, is due by each of the members of that firm, and G. M. Bayly the executor, by mingling or depositing the funds of the succession as his own or those of the firm, effected a conversion of them which rendered him absolutely liable for them, and the debt, being fiduciary in its character, is no more discharged by the composition made under the act of 1874 than it was under the law of 1867. We can not reduce the amount of the judgment to one-half, as the counsel of the executor ask in their brief, because the executor has not appealed, or prayed an amendment of the judgment.

The judgment of the lower court sustained the opposition, and decreed that the amount due to the estate of R. H. Bayly by the commercial firm of G. M. Bayley & Pond, and by its individual members, is that stated in the item of the account, and that it be accounted for in due course of administration by the executor. The opponent prays an amendment of the decree so as to make it conform to his prayer, and it is proper that it be made. Therefore

It is ordered, adjudged, and decreed that the judgment of the lower court be amended, and that the sum of eighteen thousand and twenty-one dollars and seventy-nine cents is the sum due to the succession of R. H. Bayly, by G. M. Bayly the executor, and that he account for that sum as cash. It is further ordered that G. M. Bayly pay the costs of appeal.