## BAYLY *v.* UNIVERSITY.

1. A composition between a bankrupt and his creditors, under sect. 17 of the act of June 22, 1874, c. 390, although ratified by the proper District Court, did not discharge him from a debt or a liability incurred by him while acting in a fiduciary character.
2. That section did not repeal sect. 5117 Rev. Stat. *Wilmot* v. *Mudge,* 103 U. S. 217, cited upon this point and approved.

ERROR to the Supreme Court of the State of Louisiana.

The facts are sufficiently stated in the opinion of the court.

*Mr. John H. Kennard* and *Mr. William Wirt Howe* for the plaintiff in error.

*Mr. James Leovy* for the defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

In the Second District Court of the Parish of Orleans, in the matter of the succession of R. H. Bayly, there was an opposition to the homologation of the account presented by George M. Bayly, executor of said R. H. Bayly, by the Washington and Lee University, which was a legatee under the will of the deceased.

This opposition, so far as the case before us is concerned, was to an item of $18,021.79, which that court decided to be a debt from the firm of Bayly & Pond, the members of which had been declared bankrupt, and in regard to whom a resolution of composition by the creditors had been confirmed by the District Court of the United States.

The plaintiff in error here relied upon this composition as discharging him, both as executor of the estate of his brother, and as a member of the partnership of Bayly & Pond, from liability for the item; and the inferior court accepting this view of the matter, made an order that it should only be paid in due course of administration.

On appeal of the Washington and Lee University, the Supreme Court of Louisiana decided that the item represented a debt by the executor of a fiduciary character, which was not barred by the composition order, and directed a judgment against Bayly in cash for the amount of it, to which judgment this writ of error is prosecuted.

The proposition argued here, namely, that a composition in a bankruptcy case, ratified by order of the District Court, operates as a discharge of the bankrupt from all his debts, including those arising from fraud or growing out of a fiduciary relation, as well as others, was decided adversely by this court some two years after the present writ of error was sued out, in the case of *Wilmot* v. *Mudge*, 103 U. S. 217.

It is there held that notwithstanding the comprehensive terms in which sect. 17 of the act of June 22, 1874, c. 390, declares such a composition to be binding, it was not intended

to repeal sect. 5117 of the Revised Statutes, which enacts that "no debt created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy."

This disposes of the only question in the record of which this court has jurisdiction, and decides that whatever may be due by plaintiff in error to the succession as executor is not discharged by the proceeding in bankruptcy, and he is left to account with the court in that character as though no composition in bankruptcy had been made. Whether in that accounting he was executor or not, and whether as such he had so dealt with the item in question as to be relieved of liability as executor or to be bound for it, are matters depending on the application of the law of Louisiana to the facts of the case, and involve no question under the bankrupt law.

*Judgment affirmed.*