MARIE BEYER, Plaintiff, *v.* JULIUS SADVORANSKY and ALEXANDER JUTKOVITZ, Defendants.

(Supreme Court, Queens Special Term for Motions, August, 1919.)

Executions — body — when motion to vacate denied — bankruptcy — judgment — waiver.

> Where after the denial of a motion to vacate a body execution issued upon a judgment in a tort action, defendant became a voluntary bankrupt, the plaintiff, by voting for trustee upon her claim arising out of the judgment, waives no right to issue a body execution thereon whether the defendant has been granted or refused his discharge in' bankruptcy, and a motion to vacate the execution will be denied.

MOTION to vacate a body execution.

J. Baldwin Hand, for motion.

Harry J. Shields (Frederick N. VanZandt, of counsel), opposed.

CROPSEY, J. The motion is to vacate a body execution issued against the defendant. The judgment against him was obtained for a tort. The motion is based upon two points; one, that the action is not one in which an execution against the person can be issued. This point has evidently already been decided adversely to defendant's contention upon a prior motion. There can be no review of that decision in such a manner as this.

The other point is that since the decision of the prior motion the defendant has filed his petition in bankruptcy and the plaintiff has filed her claim arising on the judgment in this action and has voted upon that claim for the election of a trustee. This it is claimed constitutes a waiver of the plaintiff's right to pursue any remedies on the judgment in this court. This claim was not presented before. The rule undoubtedly is that where a bankrupt obtains his discharge all debts other than those expressly excepted are extinguished. *Fechter* v. *Postel,* 114 App. Div. 776. But a debt that is not provable in bankruptcy and not released by the bankrupt's discharge may be pursued notwithstanding, in a state court, and the proving of the claim in bankruptcy is not an election of a remedy. *Maxwell* v. *Martin,* 130 App. Div. 80, 84. But in the case at bar the bankrupt has not received his discharge. On the contrary, that has been refused. In that situation the proving of debts even of those that would be released by a discharge is not a waiver of the right to proceed in any way that may be proper in a state court. Collier Bankruptcy (11th ed.), 292, 293, 424; Brandenburg Bankruptcy (1917), § 671; *Dingee* v. *Becker,* 9 Nat. Bank. Reg. 508; *Miller* v. *O'Kain,* 14 id. 145; *Whitney* v. *Crafts,* 10 Mass. 23.

Motion denied.