FLORA C. PORTA et al. v. J. F. WEATHERS et al.

Eastern Section.    May 15, 1927.

Petition for Certiorari denied by Supreme Court, October 20, 1927.

1. **Bankruptcy. Liability for obtaining property by false pretences or fraud is not discharged in bankruptcy.**
Since the 1903 Amendment the right of action need not be reduced to judgment. Mere liability for obtaining property by false pretences or false representations is excepted.

2. **Fraud. Evidence. Evidence held to show cause of action was based on fraud and had not been discharged by bankruptcy.**
Where the evidence showed that the causes of action was based on fraud, held that the cause of action had not been extinguished by defendant's discharge from bankruptcy.

3. **Bankruptcy. Creditor may share in distribution of bankrupt's estate without waiving cause of action for fraudulent transactions.**
The fact that the creditor shares in the bankrupt's estate does not estop him from later suing and recovering against the defendant for obtaining property by false pretences or false representations.

Appeal from Chancery Court, Knox County; Hon. Chas. Hayes Brown, Chancellor.

Affirmed.

J. Bailey Wray, and Jno. L. Whittaker, of Knoxville, for appellant.

Child & Ailar, and S. O. Houston, and Walter Devault, of Knoxville, for appellee.

SENTER, J.   The original bill filed in this cause alleged in substance, that on November 19, 1924, complainant Flora C. Porta obtained a decree and judgment against the defendant J. F. Weathers for the sum of $2839.38 in the cause of Flora C. Porta v. J. F. Weathers, et al., in the chancery court of Knox county, Tennessee; that J. F. Weathers is the owner of certain property described in the bill, and that he is about to fraudulently dispose of the said property to defeat the payment of said judgment so obtained in said former suit.  It is alleged in said original bill that said judgment and decree was obtained in said former cause be-cause the defendant Weathers had obtained money and property from the complainant by false and fraudulent representations and misappropriation of money and property belonging to complainant.

There was an amended and supplemental bill subsequently filed by complainant as a general creditors bill.

The defendant J. F. Weathers filed a plea styled a plea in abate-ment, but which is a plea in bar.  By this plea it is averred that on January 15, 1924, the defendant Weathers filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Tennessee, at Knoxville; that there was then pending the suit of the said Flora C. Porta against defendant in which said suit said judgment was obtained; that he listed in his schedules in the bankruptcy proceedings said suit so pending and the claim upon which same was based; that said claim so listed was the same and identical claim sued upon in this case; that he also listed in said bankruptcy schedules the costs of said suit in favor of the Clerk and Master of the chancery court at Knoxville.   The plea further avers that said defendant had been duly and regularly discharged of all his debts so listed, including the claim of complainant Flora C. Porta.   It is further averred in said plea that complainant filed her said claim in the bankruptcy matter of Zella M. Weathers; that the claim of the Clerk and Master for costs in said cause was likewise filed in the bankruptcy matter of Zella M. Weathers, whose petition in bankruptcy was filed at the same time of the filing of J. A. Weathers petition.  Affiant in said plea alleged that he was duly discharged of the liability sued on in this cause by his said discharge in bankruptcy, and relies upon same as a complete

bar to any further proceedings on said alleged liability in this cause.

A stipulation is filed by the respective parties, in which it is agreed that J. F. Weathers filed his petition in bankruptcy; that at the time of the filing of said voluntary petition in bankruptcy there was then pending in the chancery court of Knox county the suit of Flora C. Porta v. J. F. Weathers et al.; that the said J. F. Weathers listed in his said bankruptcy matter and the schedules filed by him therein the claim of the said Flora C. Porta, which was the basis of said suit, and also the pendency of same; that said claim so listed was the same and identical claim which is now sued upon herein; that the said Flora C. Porta entered her appearance in said bankruptcy proceedings, filed her claim therein for a dividend, and was in fact paid a dividend from the estate of said J. F. Weathers; that J. F. Weathers filed his oath and application for final discharge in said bankruptcy proceedings, and was duly discharged from all of his dischargeable debts so listed by him in his schedules.

By consent of parties the record in the former suit, including the evidence in said former suit, resulting in the judgment decreed in favor of complainant and against defendant J. F. Weathers, was filed as evidence in the present suit.

At the hearing of the cause upon the whole record in this cause and the entire record in the former cause, the Chancellor decreed that the decree obtained by complainant against defendant J. F. Weathers in the former suit for the sum of $2839.38, was based upon fraud and misrepresentation, and upon the fact that the defendant misappropriated said sum belonging to complainant Flora C. Porta, and that the defendant J. F. Weathers was not, therefore, discharged of said judgment and decree by his discharge in bankruptcy in the bankruptcy proceedings. The Chancellor decreed a judgment in favor of complainant Flora C. Porta and against the defendants J. F. Weathers for the said sum of $2839.38 principal, with interest thereon from November 19, 1924, $169, a total of $3,009.18, and the costs of the cause, and further decreed that unless the judgment is satisfied within thirty days the property attached in the cause and described in the bill should be sold by the Clerk and Master, and directed the paying out of said fund.

From this decree the defendant J. F. Weathers has appealed to this court, and has assigned errors. By the three assignments of error, it is insisted by appellant, first, that the Chancellor erred in holding that the indebtedness sued upon in the instant case was not discharged in bankruptcy; second, that the Chancellor erred in finding as a fact that said cause No. 19706, and the decree entered therein, was based upon fraud and misrepresentation, and upon the

fact that the defendant J. F. Weathers has misappropriated said sum belonging to complainant, and was not, therefore, discharged by said bankruptcy proceedings; third, that the Chancellor erred in holding that a decree based upon 'fraud, and upon the fact that the defendant J. F. Weathers has misappropriated said sum belonging to complainant Flora C. Porta, was sufficient in law to deprive the defendant to claim a discharge of said decree, or was sufficient to prevent said claim from being effectively barred by reason of his said discharge.

By section 17 (a) 2, of the Bankruptcy Act, it is provided, that liabilities for obtaining property by false pretense or false representations are excepted from the operation of discharge. By said section 17 of the Bankruptcy Act, certain debts that are provable in bankruptcy, are never the less excepted from the operation of the decree of the bankruptcy court discharging the debts of the bankrupt. The Supreme Court of the State of Minnesota, in the case of Rudstron v. Sheridan, 122 Minn. 262, in commenting upon the 1903 Amendment, said: "We assume, in the consideration of the question, that Congress intended the language of the statute to be understood in its ordinary signification, and that the purpose of the law was to prevent the bankrupt from retaining the benefits of property acquired by fraudulent means. In order, therefore, to bring the statute into operation, and prevent the full discharge of the bankrupt, it should be made to appear that property of some kind, tangible or intangible, was thus obtained by him. . . ."

In the able brief of appellant it is insisted that, by the 1903 amendment to the bankruptcy law, the word "liabilities" is substituted for the word "judgments," and omits the word "fraud," and that under the 1903 amendment only "obligations for obtaining property by false presence or false representations are excepted from the operation of the discharge." It being insisted by appellant that in the instant case the obligation, or liability, had been reduced to judgment, and that its nature can be determined only by an examination of the pleadings and decree in the suit in which the judgment was rendered.

Prior to the 1903 amendment, the cause of action for fraud must have been reduced to judgment, else it was barred. (Crawford v. Burke, 12 A. B. R., 668, 195 U. S., 176). In Crawford v. Burke, 195 U. S., 176, it is said: "The fact that the second subdivision of section 17 excepted from the discharge 'all judgments and actions for frauds, or obtaining property by false pretences or false representations', indicates quite clearly that as to frauds in general it was the intention of Congress only to except from discharge such as had been reduced to judgment, unless they fall within the fourth subdivision, of those created by the fraud, embezzlement, misap-

propriation or defalcation of the bankrupt while acting as an officer or in a fiduciary capacity." Since the 1903 amendment, the right of action need not be reduced to judgment, mere "liabilities" for obtaining property by false pretense or false representations are excepted. (Remington, Vol. 3, sec. 2748).

Nor does the fact that the complainant creditor filed her claim in the bankruptcy proceedings as a debt for the purpose of sharing in the dividends, operate as a waiver of her right to assert that her debt is not dischargeable. In the case of Friend v. Talcott, 228 U. S., 27, 30 A. B. R., 31, it is held "that an election and waiver did not result from the act of the debtor in proving his claim. . . ." In that case it is said by the court: "The confusion lies in not distinguishing between creditors who are excluded from the bankruptcy act, and those who, although included therein, have had conferred upon them the benefit of an exception from the operation of the discharge." It is further held in the same case: "It is apparent that the exemptions do not rest upon any theory of the exclusion of the creditor from the bankruptcy act, or depriviation of right to participate in the distribution, but solely on the ground that, although such rights are enjoyed, an exemption from the effect of the discharge is superadded." (See also Sewing Machine Co. v. Kattell, 22 A. L. R., 376). To the same effect is the holding in Frey v. Torrey, 8 A. L. R. 196, 75 N. Y. Supp., 40, and see also section 2750½, Rem., Vol. 3, 2 Ed.

It was not error for the court to look to the former record upon which the original judgment was based, said former record, including the pleadings and the evidence, was by consent of parties made a part of the record in this case.

In determining the character of the liability the court is not confined in his inquiry to the words in the former decree. Nor need the judgment in the former case expressly provide that it was rendered on the grounds of fraud, etc. That fact may be ascertained by the court from an inspection of the entire record in the cause in which the judgment was decreed. (Remington, Vol. 3, 2 Ed., sec. 2749, and footnote under said section citing numerous cases).

We are of the opinion that the judgment obtained in the former case, and made the basis of this suit, was based upon the fraud, and the false pretences and the false representations of the defendant in obtaining the money and property of complainant. This character of obligation is expressly made an exception to discharge under the bankruptcy act.

We find no error in the decree of the Chancellor. The assignments of error are overruled and the decree of the Chancellor is affirmed. The cause is remanded to the chancery court of Knox

county for the carrying out of the decree of the Chancellor. The appeal in this cause to this court having been taken in forma pauperis, in lieu of appeal bond, judgment here will be entered against appellant for the cost of this appeal.

Heiskell and Owen, JJ., concur.