12800

ROTHSCHILD BROS. HAT CO. v. STEIN

(151 S. E., 109)

*Mr. R. K. Wise,* for appellant,

*Mr. C. T. Graydon,* for respondent.

January 3, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This appeal is from an order of his Honor, Judge M. S. Whaley, sustaining a demurrer to the complaint.

The plaintiff alleges that during the year 1925 it sold and delivered to the defendant, at his special instance and request, merchandise to the value of $570; that the goods were sold and shipped on the strength of a financial statement made by the defendant to the plaintiff that his assets at the time amounted to $20,722.15 and his liabilities $5,686.65; that such statement was a false representation of defendant's financial condition, known by him to be false, and was made for the purpose of obtaining goods from the plaintiff with the idea of defrauding and cheating it; that, shortly after the last shipment of merchandise, the defendant was adjudged a bankrupt in the Federal Court for the Eastern District of South Carolina; and that no part of the indebtedness has been paid, except the sum of $12.54, a dividend received from the trustee in bankruptcy. Judgment was asked in the sum of $557.46, and that the defendant be held to arrest and bail if the sheriff should make a *nulla bona* return against his property.

An oral demurrer was interposed to the complaint on the ground that it did not state facts sufficient to constitute a

cause of action, "as the defendant had been duly adjudged a bankrupt and discharged of all his debts, the one to the plaintiff included." The pertinent portion of Judge Whaley's order is as follows:

"A reading of the complaint discloses that Ben Stein went into bankruptcy under the Acts of Congress and that the plaintiff herein filed its claim with the Brankrupt Court in due form of law without any reservations or any allegation of fraud. The plaintiff further accepted its dividend allowed by the Bankrupt Court which appears on the face of the complaint, the amount of said dividend being $12.54. Under my view of the law, the absence of some showing of fraud in the Bankrupt Court or some reservation by the creditors, a person who takes the Bankrupt Act is discharged of the debts provable thereunder and proved thereunder."

The plaintiff appeals and contends that the Court committed error, for the reason that the defendant, even though he had been adjudged a bankrupt, was not discharged of plaintiff's claim.

We think that the demurrer should have been overruled; the complaint does not allege that the defendant was granted a discharge in bankruptcy. And, even if there were such allegation, it would not necessarily follow that a demurrer would lie. Section 17a (2) of the Bankruptcy Act, as amended in 1903 (11 U. S. C. A. § 35, 2), provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  *  *  *  (2) are liabilities for obtaining property by false pretenses of false representations.  *  *  *"

The action in the present case is one in tort for deceit, it being alleged—and for the purposes of the demurrer the allegations of the complaint are taken to be true—that the defendant procured goods from the plaintiff on credit by false representations as to his financial condition; such representations being evidenced by an untrue financial statement fur-

nished the plaintiff by the defendant. The Court below apparently assumed that the plaintiff filed and proved his claim in the bankruptcy proceedings, as one on contract or on open account, and that the defendant was granted a discharge. But, even if such assumptions are correct, and the creditor participated in the distribution of dividends, he would still have a right of action in tort for deceit to collect any deficiency.

In 3 R. C. L. at page 333, the writer says:

"And it has been authoritatively settled that no theory of election and waiver is applicable in the premises, and that if there is a liability for the fraud specified in Section 17a (2), the creditor does not, by proving his claim therefor in the bankruptcy proceeding as one, upon a contract express or implied,' and sharing in the distribution, thereby preclude himself from suing the bankrupt in tort for the deceit, to collect the deficiency notwithstanding a discharge obtained in the bankruptcy proceedings"—citing *Friend v. Talcott,* 228 U. S., 27, 33 S. Ct., 505, 507, 57 L. Ed., 718.

From a reading of that case, it appears that the firm of Friend and others were adjudicated bankrupts; that Talcott filed and proved a claim, as on contract, in the bankruptcy proceedings for the unpaid price of goods sold by him to that firm on credit, and afterwards brought an action against the discharged bankrupt for damages suffered by reason of deceit practiced upon him by the debtor in procuring such goods on credit. One of the questions before the Court was whether "the record of the bankruptcy proceedings evidenced an election of remedies by respondent (Talcott) which barred a suit for fraudulent representation."

The Court said:

"It is urged that an election and waiver resulted from the act of the debtor [creditor] in proving his claim as on contract, and thus taking advantage of the bankruptcy proceedings, and thereby obtaining rights or benefits which he would not have had if he had stayed out, and thus saved his

right to be freed from the operation of the discharge. But this distinction is also wholly without foundation. Its error lies in assuming that the right which the bankrupt act confers upon enumerated classes of debts to be exempt from the operation of a discharge rests upon the conception that such debts are exempt because they are excluded from the act, and may not participate in the distribution of assets. That is to say, the confusion lies in not distinguishing between creditors who are excluded from the bankrupt Act and those who, although included therein, have had conferred upon them the benefit of an exception from the operation of the discharge. Even a superficial analysis of the text of the bankruptcy Act will make this clear. Thus, § 63a and b [11 U. S. C. A., § 103] enumerates the debts which may be proved, and which are therefore entitled to participate in the benefits of the Act and are bound by its provisions, including a discharge. Section 17 enumerates the debts not affected by a discharge; that is, those exempted from its operation. It is apparent that the exemptions do not rest upon any theory of the exclusion of the creditor from the bankrupt Act, or of deprivation of right to participate in the distribution, but solely on the ground that, although such rights are enjoyed, an exemption from the effect of the discharge is superadded."

It appears, however, that the claim for tort might be barred by a discharge, but not on the ground of election or waiver, "if the creditor abstained from proving it as a debt in the bankruptcy proceedings." 3 R. C. L., 317—citing *Crawford v. Burke,* 195 U. S., 176, 25 S. Ct., 9, 49 L. Ed., 147, which case controlled the decision in *Tindle v. Birkett,* 205 U. S., 183, 27 S. Ct., 493, 51 L. Ed., 762, relied on by the respondent.

The order appealed from is reversed and the case remanded to the Richland County Court, with leave to the defendant to answer the complaint, if he be so advised, within 20 days from filing of the remittitur.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTH-
RAN, BLEASE and CARTER concur.