**PROCTOR et al. v. WALKER–SMITH CO.**

No. 8110.

Court of Civil Appeals of Texas. Austin.

Oct. 23, 1935.

Critz & Woodward, of Coleman, for appellants.

J. C. Darroch and E. M. Davis, both of Brownwood, for appellee.

BAUGH, Justice.

Walker-Smith Company, a corporation, engaged in the wholesale grocery business, sued W. S. Proctor and W. L. Willis, retail grocers, upon account and upon a promissory note, representing the value of merchandise sold by the former to the latter during 1926. This suit was filed in 1927, was tried to the court in July, 1933, and judgment rendered in favor of appellee; hence this appeal by writ of error.

In the original petition plaintiff, appellee here, alleged that the value of the merchandise so sold and delivered was $1,853.32, of which $1,545.80 was represented by verified account attached to its petition, and the remainder by the balance due on a promissory note for $400 executed by defendants on December 1, 1926, payable to plaintiff on demand, bearing 10 per cent. interest and providing for 10 per cent. attorney's fee. Plaintiff also alleged that said goods were procured by the defendants through and by virtue of false and fraudulent representations in the credit statement made by them in writing to plaintiff on February 8, 1926, setting forth their assets and liabilities, for the purpose of securing the sale and delivery of said merchandise, knowing at the time that they were in fact insolvent. While sounding in fraud, a reading of plaintiff's petition clearly indicates that the debt declared upon consisted of two counts, one upon a contract covering the itemized account which provided for 10 per cent. interest thereon from the maturity of each item; and the second upon the note providing for 10 per cent. interest and attorney's fees, and upon which a credit of $117.55 was admitted. The prayer for relief was for its debt, damages, costs, etc., "upon either count in this petition it may elect to take judgment," and for general relief.

The defendants answered by general demurrer and general denial, and pleaded their discharge in bankruptcy on September 26, 1927, upon a petition filed by them on December 22, 1926, in which they scheduled the debts sued upon; and specifically denied any intentional fraud or misrepresentation on their part in signing the credit statement made to the plaintiff.

The record does not disclose any election on the part of the plaintiff as to the counts declared upon, nor does the judgment show on what basis it was rendered. The judgment merely awards the plaintiff recovery for $2,542.25, with 6 per cent. interest thereon from its date. No findings of fact nor conclusions of law were requested and none filed. Appeal is by writ of error. While plaintiff in its petition nowhere alleged the bankruptcy proceedings of the defendants, nor sought to exclude its debt from their discharge thereunder on the grounds that same was incurred through fraud, in the light of the defendants' answer and the statement of facts, it seems that such was the theory on which the case was tried, and on which the judgment was rendered. It is admitted that plaintiff presented its claim, but for what amount is not shown, against the estate of the bankrupts, and participated in the dividends thereof in the sum of $117.55, which was credited on the note of December 1, 1926. This participation, however, did not preclude it from thereafter recovering the balance of its debt upon proof that such debt was induced by the "voluntary fraud" of the bankrupt within the meaning of the term fraud as used in sec-

tion 17 of the National Bankruptcy Act (11 USCA § 35). Friend v. Talcott, 228 U.S. 27, 33 S.Ct. 505, 57 L.Ed. 718; Blumberg v. Louis Henne Co. (Tex.Civ.App.) 5 S.W.(2d) 1015; 6 Tex.Jur., § 81, p. 108.

 The fraud relied upon, however, to defeat a discharge of the debtor in bankruptcy must be fraud knowingly and intentionally committed by the debtor involving moral turpitude or intentional wrong. Mere actionable or implied fraud which would support a judgment in a civil action is not sufficient to defeat such discharge. City Nat. Bank v. Young (Tex. Com.App.) 237 S.W. 243; Radford Grocery Co. v. Halper (Tex.Civ.App.) 274 S.W. 1023; Blumberg v. Louis Henne Co., supra. Every presumption should be indulged in support of the judgment in a trial to the court, where no findings of fact nor conclusions of law appear, which finds support in the pleadings and the proof, and the record discloses evidence from which the trial court could have found the defendants guilty of intentional fraud in connection with the credit statement signed by Proctor on which the alleged fraud was predicated. However, the statements of appellants' assets as shown by such credit report were written in by the agent of the appellee, on forms prepared by appellee, and were in part copied from former credit reports made by appellants to appellee. Willis had nothing to do with the making of this credit report, and Proctor testified that he merely gave to appellee's agent such information as the agent, who was appellee's credit man, asked for at the time and did that while he was waiting on customers in his store. When he offered to testify that he did not read over this credit statement before he signed it, but merely signed it at the request of appellee's agent after the agent had filled same out, and that he did not know what all it contained, the trial court, upon objection of appellee, excluded such testimony. Clearly he should have been allowed to explain fully the circumstances surrounding its execution on the issue of the intentional or deliberate fraud charged. And from the exclusion of this testimony we think it may be reasonably inferred that the trial court based its judgment on the conclusion that if appellants were guilty of actionable wrong, whether same involved moral turpitude or not, their discharge in bankruptcy would not defeat appellee's debt. If so, the trial court was in error.

 The judgment of the trial court is admittedly excessive. Appellee so admits and asks that it be reformed and affirmed. Just how much it is excessive we are unable to determine. If appellee established such fraud as would prevent appellants' discharge from such debt through bankruptcy, the amount of its debt would be the value of the merchandise sold at the time, less credits in the sums subsequently paid. Its right of action is confined to that. Any election by it to assert its contract alleged in its petition, or to recover on the note alleged, would defeat its right of recovery. Its cause of action, if any, must be based upon the fraud alleged. If it rely on its contract, the discharge in bankruptcy is efficacious as a discharge of the debtor. Sanger Bros. v. Barrett (Tex. Civ.App.) 221 S.W. 1087; Scott v. Corn (Tex.Civ.App.) 19 S.W.(2d) 412.

Under the circumstances disclosed by the record, we think the judgment of the trial court should be reversed and the cause remanded for another trial.

Reversed and remanded.