GLADNEY, Judge.
This appeal is from a judgment of the trial court maintaining a plea to its jurisdiction ratione materiae, which ruling is predicated on a showing that prior to the filing of plaintiff’s suit the defendant and his wife instituted proceedings to be adjudged bankrupts. The trial court cites as authority for its decision, Personal Finance Company of Louisiana, Inc., v. Thomas, La.App., 1936, 167 So. 475.
Plaintiff’s suit is on a bill for services and supplies furnished in connection with an operation performed on Mrs. Saveli. The petition, inter alia, alleges in effect that defendant procured admission to its hospital upon misrepresentation in that the services sought were covered by insurance, the payment of which would settle the account; that payments were made under the insurance policy direct to defendant who failed and refused to pay plaintiff; and that as a result of said false representations the claim and account accrued and constitute a debt not dischargeable in bankruptcy.
The purpose of the Bankruptcy Act, the act of June 22, 1938, 11 U.S.C.A., § 1 et seq., is to discharge the obligations of the bankrupt and give him a fresh start in life, but the law does not release all provable debts. Among the obligations excepted from discharge are those for which “liabilities for obtaining money or property by false pretenses or false representations”. Bankr. Act, § 17, as amended by Act June 22, 1938, 11 U.S.C.A., § 35. In re Anthony, D.C. Ill.1941, 41 F.Supp. 312, it was held that a creditor who believes he has a debt not dischargeable under the provisions of the Bankruptcy Act may, but is not required to, oppose the discharge of the debtor.
The ruling in Personal Finance Company of Louisiana v. Thomas, supra, was dictated by reasons of comity and the decision plainly so states. All the case decided was that since the creditor had previously exercised his option of opposing or *76 not opposing the discharge of the obligation by filing proof of his claim in the Federal Court, the jurisdiction of that court attached, and in consequence thereof the state court would not in any way attempt to interfere with the jurisdiction of the court of Bankruptcy. But the record indicates plaintiff hereiri has made no appearance in defendant’s bankruptcy proceedings and jurisdiction of the Federal Court has not attached to it so as "to require the court whence this appeal to act for reasons of comity. The right of the state court to pass upon the dischargeability of a debt by bankruptcy has been repeatedly recognized. Brown v. Garrard & Craig, 1876, 28 La.Ann. 870; Succession of Bayly, 1878, 30 La.Ann. 75; Armour Fertilizer Works v. Peninger, La.App., 1935, 158 So. 241; Aetna Casualty & Surety Company v. Sentilles, La.App., 1935, 160 So. 149; Rosen v. Shingleur, La.App., 1950, 47 So.2d 141; Lorino v. Charles Rowe Company, La.App., 1950, 48 So.2d 103; Public Loan Corporation v. Adams, La.App., 1953, 66 So.2d 6.
Appellee has filed a motion to dismiss the appeal, averring that a citation of appeal was issued on May 14, 1954, which was prior to the signing of the judgment and issuance of orders of appeal. The minutes and record however, reflect that a citation of appeal was issued on May 21, 1954, and the return shows appellee’s counsel was served with citation on May 24, 1954. The judgment bears the date of and was signed May 21, 1954, on which date orders of appeal were issued. The issuance of the first citation of appeal prior to the signing of the judgment, of course, is without legal effect. Mounger v. Ferrell, La.App., 1943, 15 So.2d 820. Appellee does not contend the appeal is otherwise irregular. There is no merit to the motion to dismiss the appeal and it is denied.
We are of the opinion the judgment from which appealed is in error since we conclude that plaintiff’s petition alleges a non-dis-chargeable debt and the record discloses plaintiff has not taken any steps to cause the jurisdiction' of the bankruptcy court to attach to its claim as was the case' in Personal Finance Company of Louisiana v. Thomas; supra. The judgment from which appealed is, therefore, reversed and set aside, the plea to jurisdiction ratione ma-teriae is hereby overruled, and the cause remanded for further proceedings, appellee to pay costs of this appeal and all other costs to be taxed upon final adjudication.