AYRES, Judge.
Plaintiff, as the holder and owner of a promissory note payable to its order, ex *347 -ecuted and signed October 17, 1957, by George H. Hill and Winnie L. Hill, husband and wife, seeks to recover a balance due thereon of $433.36, with 8 percent per annum interest thereon from judicial demand until paid, together with 20 percent additional of principal and interest as at'torney’s fees.
To plaintiff’s action, defendants first interposed a plea to the jurisdiction of the court ratione materiae and, later, an exception of no cause and of no right of ac■tion. The exception and plea were sustained as to the defendant, George H. Hill, and overruled as to the defendant, Winnie L. Hill, following which she filed an answer and the case was assigned for tri-al, and, as to her, trial was had on the -merits. After trial, judgment was rendered as against Winnie L. Hill in plaintiff’s favor as prayed for.
A judgment was signed reflecting the ■court’s ruling on the plea and exception and, accordingly, dismissing plaintiff’s action as to George H. Hill and, in accordance with its conclusions on the trial of the merits, as against Winnie L. Hill. From the judgment thus rendered and signed, plaintiff was granted orders of devolutive appeal from that portion of the judgment dismissing its actions against the defendant, George H. Hill. The defendant, Winnie L. Hill, failed to perfect an appeal from the judgment rendered .against her on the merits.
Defendant-appellee, George H. Hill, has filed a 'motion to dismiss plaintiff’s appeal, as concerns the plea to the jurisdiction of the court, for the reasons, as alleged, that the plea was sustained by the trial court February 25, 1959, following which appellant applied for a rehearing and was on May 1, 1959, overruled; wherefor it is contended that no appeal was taken from the dismissal of plaintiff’s action on the plea to the jurisdiction of the court. The position taken is wholly without merit. The only judgment signed wherein plaintiff’s demands were rejected by reason of the court’s action on the plea and exception was dated July 7, 1959, immediately following the signing and filing of which plaintiff, through counsel, applied for and was granted a devolutive appeal to this court. No appeal could have been taken prior to the signing of the judgment on that date.
Attention will be directed to plaintiff’s appeal. The plea to the jurisdiction and the exception of no cause and of no right of action are predicated upon the same state of facts which, as disclosed by the record, is that George H. Hill was adjudicated a bankrupt in the United States District Court for the Western District of Louisiana on June 20, 1958, following which plaintiff filed its claim on the promissory note herein sued upon in the bankruptcy proceedings. On the point thus presented, plaintiff’s position is, as alleged in its petition, that said indebtedness constituted a nondischargeable obligation in bankruptcy, having been contracted upon the basis and faith of a false financial statement and through the willful and deliberate fraud perpetrated by George H. Hill upon plaintiff.
That Hill was granted a discharge in the bankruptcy proceedings is amply established by the record. Plaintiff, in effect, alleges as much and exceptor’s counsel, on the trial of the merits against Winnie L. Hill, introduced and offered in evidence “the certified copy of the discharge in bankruptcy that is already in the record.” No contention was made in either brief or oral argument that defendant’s discharge had not issued. Moreover, on the trial on the exception of no cause of action, all well-pleaded facts are admitted as true. There is no dispute as to the listing of plaintiff’s claim, nor as to its making and filing proof thereof in the bankruptcy proceedings.
Defendant’s position on the plea and exception is that since plaintiff exercised its right and option to urge its claim in the bankruptcy court, the State Court was *348 without jurisdiction to permit a recovery thereon or even to entertain the suit, and that plaintiff’s petition, therefore, neither stated nor disclosed a cause and/or a right of action.
It may be appropriate to first observe that the bankruptcy statute, U.S.C.A. Title 11, § 35, provides:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *; (2) are liabilities for obtaining money or property by false pretenses or false representations j\i # if
The language of defendant’s discharge was in compliance with the terms and conditions of the statute. There is no contention as to plaintiff’s claim constituting a provable debt in bankruptcy. As to whether plaintiff’s claim is one dischargeable in bankruptcy is an issue of fact, determinable only upon a trial of the merits.
We find no merit in the position taken by defendant that the court was without jurisdiction or that plaintiff’s petition failed to state or disclose a right or cause of action. In the leading case of Friend v. Talcott, 228 U.S. 27, 33 S.Ct. 505, 507, 57 L.Ed. 718, 30 Am.Bankr.Rep. 31, Chief Justice White of the United States Supreme Court pointed out that a claim may be provable in bankruptcy and yet constitute a nondischargeable obligation of the bankrupt; that the creditor in such a claim was entitled to the benefit of both provisions of the statute, that is, as to provable claims and also as to its nondischargeability. It was there held that the exemptions from the operation of a discharge in bankruptcy do not rest upon any theory of the exclusion of the creditor from the Bankrupt Act or of deprivation of a right to participate in the distribution of the assets of the bankrupt, but solely on the ground that, although such rights are enjoyed, an exemption from the effect of the discharge is superadded and that, accordingly, the participation in a distribution of the assets is not a bar to a subsequent action predicated upon an obligation forming the basis of the claim made in the bankruptcy proceedings.
It was further pointed out that by the creditor’s election to file its claim in the bankruptcy proceedings and to participate in a distribution of funds therein, there was no waiver of its rights to insist upon the character of its claim as not being dis-chargeable under the statute so as to preclude claimant from insisting upon the in-application of the debtor’s general discharge. It was particularly pointed out that it was erroneous to assume that the right which the Bankrupt Act confers upon enumerated classes of debts to be exempt from the operation of a discharge rests upon the conception that such debts are exempt because they are excluded from the act and may not participate in the distribution of assets. The court then stated:
“ * * * the confusion lies in not distinguishing between creditors who are excluded from the bankrupt act and those who, although included therein, have had conferred upon them the benefit of an exception from the operation of the discharge. Even a superficial analysis of the text of the bankruptcy act will make this clear. Thus, § 63 a and b enumerates the debts which may be proved, and which are therefore entitled to participate in the benefits of the act and are bound by its provisions, including a discharge. Section 17 enumerates the debts not affected by a discharge; that is, those exempted from its operation. It is apparent that the exemptions do not rest upon any theory of the exclusion of the creditor from the bankrupt act, or of deprivation of right to participate in the distribution, but solely on the ground that, although such rights are enjoyed, an exemption from the effect of the discharge is superadded. The *349 text leaves no room for any other view, * * *.”
In commenting upon the holding, in Chapman v. Forsyth, 2 How. 202, 11 L.Ed. 236, that, although a claim was excluded from the law if brought in by the voluntary act of the creditor and he thereby participated in the distribution, the creditor, by such election, waived his right to be treated as not bound by the statute' and, consequently, the debt or claim was discharged, the court further stated:
“The act of 1867, presumably to correct the injustice which arose from excluding from all participation in the distribution of assets those creditors who it was thought, because of the meritorious nature of their debt, should not be bound by the discharge, departed from the system of excluding such creditors from the act, and, on the contrary, adopted the principle of including' them in the benefits of the act, and yet at the same time exempting them from the operation of the discharge. To accomplish this result, § 19 of the act (14 Stat. at L. 525, chap. 176) made a most comprehensive enumeration of provable debts, including as well un-liquidated damages for torts as for breaches of contracts. Those things which, in the act of 1841, were stated to be excluded from the operation of the act, were embodied in a particular section (33) dealing with exemptions from discharge, and to avoid all possible misconception the section provided ‘ * * * but the debt may be proved, and the dividend thereon shall be a payment on account of said debt.’ It is obvious that the present act embodies the same policy, since the exemptions from discharge which are given by the statute are found in a section devoted to that subject, and are stated in words, as we have said, to be exemptions from discharge allowed in favor of provable debts; that is, debts entitled to participate, which are given the benefit of an exemption from the operation of the discharge.”
The substance of the court’s holding, pertinent to the issue presented here, is that, though a creditor having a nondis-chargcable debt proves his claim in bankruptcy and receives a dividend on it, such fact does not preclude or estop him from bringing or prosecuting an action against the bankrupt after the latter’s discharge. Where dividends are received they are treated as partial payments or credits on the obligation. See, also, Strang v. Bradner, 114 U.S. 555, 5 S.Ct. 1038, 29 L.Ed. 248. The general rule is stated in 8 C.J.S. Bankruptcy § 475, p. 1352, as follows:
“The proof and allowance of a claim founded on a contract and the acceptance of dividends thereon are not a waiver of fraud and do not deprive claimant of his right of action therefor.”
Cited as supporting this rule are these authorities : In re Natow Bros., D.C.Mich., 283 F. 522; Clair v. Colmes, 245 Mass. 281, 139 N.E. 519; Elston v. Rusch, 250 Mich. 221, 299 N.W. 503; Gehlen v. Patterson, 83 N.H. 328, 141 A. 914; Jasper v. Rozinski, 228 N.Y. 349, 127 N.E. 189; Berkner v. Rubin, 145 Misc. 666, 260 N.Y.S. 747; Wheeler & Motter Mercantile Co. v. Green, 97 Okl. 96, 222 P. 965; Rothchild Bros. Hat Co. v. Stein, 154 S.C. 48, 151 S.E. 109; Porta v. Weathers, 5 Tenn.App. 555; Proctor v. Walker-Smith Co., Tex.Civ.App., 87 S.W.2d 828; Blumberg v. Louis Henne Co., Tex.Civ.App., 5 S.W.2d 1015; Ginsberg v. International Shoe Co., Tex. Civ.App., 299 S.W. 695; Sanger Bros. v. Barrett, Tex.Civ.App., 221 S.W. 1087. Appropriate, also, is a statement of the same authority, 8 C.J.S. Bankruptcy § 477, p. 1354.
“The filing of proof of claim is not a waiver of a right of action on the claim in another court; nor is it a waiver of the right to proceed against the bankrupt in a state court, after the termination of the bankmptcy proceed *350 ings, for the balance remaining after crediting the dividends received where the bankrupt is refused a discharge or the discharge, granted him does not cover the debt in question(Emphasis supplied.)
Cited as supporting- this rule are the following authorities: In re Buchan’s Soap Corp., D.C.N.Y., 169 F. 1017; In re Menzin, 2 Cir., 238 F. 773, 151 C.C.A. 623; Shamis v. Rice-Stix Dry Goods Co., 155 Ark. 352, 244 S.W. 340; Meyer v. Price, 250 N.Y. 370, 165 N.E. 814; Beyer v. Sadvoransky, 108 Misc. 463, 177 N.Y.S. 705; In re Messmore’s Estate, 290 Pa. 107, 138 A. 81; Allard v. La Plain, 147 Wash. 497, 266 P. 688.
 It has been specifically held that a debt which would not be barred by the bankrupt’s discharge will not be released by a composition proceeding, although the ■creditor was a party thereto and accepted his pro rata share of the composition fund. Bayly v. Washington & Lee University, 106 U.S. 11, 1 S.Ct. 88, 27 L.Ed. 97. To the same effect, is the holding in Rosenthal v. Levin, 33 A.2d 883, 21 N.J.Misc. 301, wherein it was stated a debt may be such that it is not dischargeable in bankruptcy, ■even though it may be provable and share in the distribution. Likewise, it was held, in Gehlen v. Patterson, 83 N.H. 328, 141 A. 914, that the filing of a proof of claim against a bankrupt under a judgment did not affect the creditor’s right to recover subsequent to the bankrupt’s discharge, where the judgment represented a liability for fraud. Nor does the filing of a non-■dischargeable claim and receipt of dividends thereon bar a creditor from instituting a separate action for the balance of the obligation. Elston v. Rusch, 250 Mich. 221, 229 N.W. 503. Nor is a creditor who believes he has a nondischargeable debt required to oppose the debtor’s discharge, although he may do so. In re Anthony, D.C., 42 F.Supp. 312; In re Weitzman, D.C., 11 F.2d 897; In re Hadden, 6 Cir., 142 F.2d 896.
Numerous authorities hold that a state court action, based on a nondischargeable obligation, may be instituted after the debtor’s discharge in bankruptcy. In Family Small Loan Co. of Richmond, Inc., v. Mason, 4 Cir., 67 F.2d 207, the court stated:
“A court of bankruptcy may stay suits against the bankrupt, not involving his property, only where same are founded upon claims from which a discharge would be a release. 11 U.S. C.A. § 29(a). And a discharge will not release a bankrupt from liabilities for obtaining property by false pretenses or false representations. 11 U.S. C.A. § 35 (second). Since, therefore, it was admitted that the suit in the state court was one to enforce a liability arising out of the obtaining of money by false pretenses, it was not one in which the court of bankruptcy was authorized to stay proceedings.” (Emphasis supplied.)
See, also, Personal Finance Co. of Colorado v. Martinez, 10 Cir., 115 F.2d 226.
Under situations similar to that alleged here, actions were instituted in the courts of this State and recovery was permitted on obligations of debtors who had been discharged in bankruptcy where the debts were incurred on the faith of false financial statements and as the result of fraud. Personal Finance Co. of Shreveport, Inc., v. Murphy, La.App., 53 So.2d 421; Morris Finance & Loan, Inc., v. Dickerson, La. App., 57 So.2d 786; Public Loan Corp. v. Adams, La.App., 66 So.2d 6. Appellee cites, in support of his position, Personal Finance Co. of Louisiana, Inc., v. Thomas, La.App., 167 So. 475; Physicians & Surgeons Hospital, Inc., v. Savell, La.App., 76 So.2d 75, 76. The first of these cases is distinguishable from the instant case and from the second of the cases cited in that, when plaintiff instituted its action in the State Court, plaintiff had filed its claim in the bankruptcy proceedings, which was then pending, and prior to the debtor’s discharge. The ruling apparently was based *351 on a question of comity and, while we stated in the Saveli case that plaintiff had made no appearance in defendant’s bankruptcy proceedings, so as to require this court to act for reasons of comity, we did observe that
“The right of the state court to pass upon the dischargeability of a debt by bankruptcy has been repeatedly recognized. Brown v. Garrard & Craig, 1876, 28 La.Ann. 870; Succession of Bayly, 1878, 30 La.Ann. 75; Armour Fertilizer Works v. Peninger, La.App., 1935, 158 So. 241; Aetna Casualty & Surety Company v. Sentilles, La.App., 1935, 160 So. 149; Rosen v. Shingleur, La.App., 1950, 47 So.2d 141; Lorino v. Charles Rowe Company, La.App., 1950, 48 So.2d 103; Public Loan Corporation v. Adams, La.App., 1953, 66 So.2d 6.”
The jurisprudence and great weight of authority supports the general rule that the participation of a creditor in a bankruptcy proceeding and the filing of his claim therein, followed even by payment of dividends sthereon, do not bar, preclude or estop a creditor, after the termination of the bankruptcy proceedings or after the bankrupt’s discharge, from proceeding in a state court on a nondischargeable obligation. The plea and exception were, therefore, in our opinion, incorrectly sustained.
For the reasons assigned, the motion to dismiss the appeal is overruled; the judgment appealed, insofar as sustaining the plea to the jurisdiction of the court and exception of no cause and of no right of action, is annulled, avoided, reversed, and set aside, and it is now ordered, adjudged and decreed that said plea and exception be and they are hereby overruled; and that, accordingly, this cause be and it is hereby remanded to the Honorable, the Fourth Judicial District Court in .and for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
The defendant-appellee is taxed with the cost of this appeal; all other costs are to await final determination of this cause.
Reversed and remanded.