In re SAMET.

(District Court, D. Maryland. June 21, 1917.)

BANKRUPTCY ⬅407(5)—DISCHARGE—RIGHT TO.

A bankrupt, who was indebted to a bank and desired to renew notes when they fell due, executed more than a year before adjudication a statement in writing as to his financial condition, which was false. The bank permitted him to renew obligations as they fell due, and at the time of adjudication the debt was less than at the time when the statement was executed. The bank, relying on the statement, did not apply to the debts due it the balance due the bankrupt on hand at the time the notes fell due, and by reason of its failure the bankrupt's debt was greater than it would have been, had such balance been applied. *Held*, that the bankrupt was not entitled to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761.]

In Bankruptcy. In the matter of the bankruptcy of August Samet, individually and trading as A. Samet & Co. On opposition to discharge. Discharge denied.

Edward Duffy, of Baltimore, Md., for objecting creditor.
Bernhard Cline, of Baltimore, Md., for bankrupt.

ROSE, District Judge. August Samet was adjudicated a bankrupt on the 14th day of March, 1916. He then was indebted to the Farmers' & Merchants' National Bank of Baltimore, which opposes the granting of his discharge on the ground that for the purpose of obtaining credit from it, on the 26th day of February, 1915, he made a statement in writing to it of his financial condition as of January 15, 1915, and thereafter· obtained from it money on credit upon said statement, and that the statement was materially false.

There is no question that the statement was made, and none that it was false, and false to the knowledge of the bankrupt when he made it. Instead of having a stock of merchandise worth nearly $11,000, as the statement purported to show, he was well aware that he had less than $5,000. Instead of having good accounts receivable due from customers to the amount of over $9,800, he knew that he did not have half that amount, probably not a third of it.

The only question in the case is whether, within the meaning of the statute, he obtained money upon the faith of such statement. When he made it, he owed the bank $4,400. At the time he failed, that debt had been reduced to $3,600. It appears his indebtedness from first to last was represented by several promissory notes maturing at different dates. When one of these notes fell due, he offered for discount another note for the same or for slightly smaller sum, and gave his check for the amount of the old note. At the date of maturity of each of these notes he always had some money in bank. On several occasions he had, at the beginning of business on the day on which the note fell due, a balance large enough to have paid the note so falling due in full, and on one occasion he had such balance at the end of the day. The bank would have been able, on the day any one of the notes fell due, to have applied the balance in bank to the reduction or extinguishment of such a note. It did not do so because, while it regarded his condition as unsatisfactory, his statement led it to believe that such a drastic course of action was not required for the protection of its interests. In the aspect of the case most favorable to him, the effect of the bank's reliance upon this statement was that at the time he became a bankrupt he owed the bank upwards of $200 more than he would have owed it, had the bank earlier availed itself of the remedies within its power.

The question here presented was before me in the Case of Waite et al., 223 Fed. 853, on appeal Doyle v. First National Bank of Baltimore, 231 Fed. 649, 145 C. C. A. 535, and I there decided it adversely to the bankrupt. Doyle, one of the partners affected by that decision, took his case up on appeal. The Circuit Court of Appeals did not find it necessary to pass on the correctness of my ruling in the respect mentioned, it having reached the conclusion that Doyle had not knowingly participated in the making of the false statement there relied on. I have not had my attention directed to any subsequent cases·in which this question has been raised. The point is undoubtedly a close one, as I fully recognized in the opinion in the Waite Case, but now, as then, it seems to me that the conclusion there announced was right.

It follows that the discharge must be denied.