## In re WEITZMAN.

(District Court, N. D. Texas, Wichita Falls Division. August 24, 1923.)

No. 39.

1. Bankruptcy �köö407(5)—One inducing creditor to surrender due notes and receive renewal notes receives "money or property," within meaning of Bankruptcy Act as to discharge (Bankruptcy Act, § 14b (3), being Comp. St. § 9598).

One who, by making false financial statement, induces creditor to return notes then due and to accept renewal notes, receives "money or property," within Bankruptcy Act, § 14b, (3), being Comp. St. § 9598, as affects his right to discharge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Money.]

2. Bankruptcy ⊃407(5)—Provision of Bankruptcy Act, denying discharge to person obtaining credit on materially false statement in writing, means or includes statement recklessly made (Bankruptcy Act, § 14b (3), being Comp. St. § 9598).

Bankruptcy Act, § 14b (3), being Comp. St. § 9598, denying discharge to bankrupt who has obtained money or property on the faith of a materially false statement in writing, made to obtain credit, means or includes statement recklessly made, with no honest belief in its truth.

3. Bankruptcy ⊃407(5)— Bankruptcy Act, denying discharge to one who has obtained credit on materially false statement in writing, does not prevent discharge as to creditors not defrauded (Bankruptcy Act, § 14b (3), being Comp. St. § 9598).

Bankruptcy Act, § 14b (3), being Comp. St. § 9598, denying discharge to one who has obtained money or property on credit on materially false statement in writing, made for purpose of obtaining credit, does not prevent discharge as to all creditors, but only as to the one defrauded.

**4. Bankruptcy ⬤⟞421(1)—Defrauded creditor has option of interposing bar to discharge, or permitting it and then asserting claim as not affected by discharge.**

A defrauded creditor has the option of interposing a bar to discharge affecting all debts, or of permitting the discharge to be granted, and then asserting his claim on after-acquired property, on ground that it was not affected by the discharge.

In Bankruptcy. In the matter of the bankruptcy of Max Weitzman. On review of a referee's order denying discharge. Order modified, and discharge granted in part.

W. L. Scott, of Olney, Tex., and A. H. Carrigan, of Wichita Falls, Tex., for bankrupt.

T. R. Boone, of Wichita Falls, Tex., for objecting creditor.

ATWELL, District Judge. This case comes to me on the certificate from the referee denying to the bankrupt a discharge, such denial being predicated upon a petition filed by the American Exchange National Bank's liquidating agent, a creditor, of course. While there are seven objections to the discharge, and seven affirmative findings by the referee, I think the first three findings, which are based, respectively, upon $300 belonging to the wife, upon some bread trays of small value, and upon the bankrupt's alleged failure to keep books and records, are de minimis, though, with the exception of the first, technically correct.

The other four findings are based upon a written statement made by the bankrupt on June 12, 1920. This statement was requested by the American National Bank, and is in writing, and is signed by the bankrupt. It informs the bank that the bankrupt, at that time, had $4,000 in cash on hand and in the bank, that he owed $22,000, that he owed current accounts in the sum of $1,000, and that he had owing him $8,000 in notes. Each of these statements is false, according to the findings of the referee, and these four findings I approve. The amendments of 1903 and 1910 to the Bankruptcy Act provide that a discharge will be denied if the bankrupt shall have obtained money or property from a person on the faith of a financial statement which the creditor relied upon; such statement being in writing, and being materially false and made to the creditor or his representative.

[1] The bankrupt suggests, in argument, that the money and property which he obtained from the bank on the faith of this statement was not money and property, because, as a matter of fact, at the time of making the statement, he received nothing from the bank, except that he renewed the existing notes. The facts show that on the faith of the statement he did renew the notes and received the old notes, which were then due and under the holding in Samet v. Farmers' & Merchants' Nat. Bank (C. C. A. 4th Cir.) 247 F. 669, 159 C. C. A. 571, 40 Am. Bankr. R. 450, such an extension of credit is the receiving of "money or property," within the meaning of the statute above mentioned. See, also, In re Waite (D. C. Md.) 223 F. 853, 35 Am. Bankr. R. 189; In re Samet (D. C. Md.) 243 F. 203, 39 Am. Bankr. R. 632.

In other words, the court holds that the old note, which had matured, and which carried with it the right to assert in court legal remedies, was surrendered to the debtor, and the new note taken, which may not be sued upon until its maturity is "property." In re Tanner (D. C. Wash.) 192 F. 572, 27 Am. Bankr. R. 615, and in Re Dunfee (D. C. N. Y.) 206 F. 745, 30 Am. Bankr. R. 721, the question of whether the securing of the signature of a surety company to an indemnifying bond is property was discussed, and the reasoning of the last case leaves me in doubt on that point; but these cases do not alter the conclusion as to a matured note.

[2] The making of the statement mentioned in the statute means to "recklessly" make, with no honest belief that it is true, and I think that measure of the law is met by the proof with respect to the $4,000 cash on hand and in the bank, as well as by the item relating to current accounts, whatever may be said of the $8,000 note on hand, and the $30,000 indebtedness.

[3] Again, the bankrupt suggests that, if the court does find that money or property were secured, within the meaning of the statute, upon a statement in writing materially false, then and in that event the order in this case should merely prevent the discharge as to the liquidating agent of the American Exchange National Bank, and not as to any other creditor.

[4] A creditor has the option of interposing a bar to a discharge affecting all debts, or of permitting the discharge to be granted, and of then asserting his claim on after-acquired property, on the ground that his claim was not affected by the discharge. Collier on Bankruptcy (12th Ed.) p. 388; In re Dunfee (D. C. N. Y.) 206 F. 751, 30 Am. Bankr. R. 721; Talcott v. Friend (C. C. A. 7th Cir.) 179 F. 676, 103 C. C. A. 80, 43 L. R. A. (N. S.) 649, 24 Am. Bankr. R. 708. Under that section of the statute which re-

lates to discharges it is said, in substance, that discharges may be granted against all debts, except those therein detailed, among which are such as are contracted by false representations, etc. Under In re Carton & Co. (D. C. N. Y.) 148 F. 63, 17 Am. Bankr. R. 343, and In re Kretz (D. C. Wash.) 212 F. 784, 32 Am. Bankr. R. 365, it inferentially appears that the right to object is not confined to the person defrauded but belongs to any creditor.

Circuit Judge Manton, speaking for the Circuit Court of Appeals for the Second Circuit in Re Morgan, 267 F. 962, 45 Am. Bankr. R. 612, however, seems to hold that a creditor who did not part with any money or property by reason of the false statement may not object to the discharge; that only the creditor who did so act can prevent the bankrupt's discharge: "A debt fraudulently contracted by the bankrupt will not be released by his discharge. Therefore the debts in question, which the court below found were contracted fraudulently, may fall within this provision of the act. Congress, however, never intended to refuse a bankrupt his release from all of his debts, because he had contracted one or more fraudulently. The phrase 'for the purpose of obtaining credit' contemplates a statement fitted to such purpose."

Section 14b (3), Bankruptcy Act (Comp. St. § 9598), would seem, therefore, to be for the use and benefit, exclusively, of the creditor who was defrauded in the manner therein photographed, and if such creditor does not object no other creditor can.

A decree will be drawn, granting the bankrupt a discharge from all debts except that of the American Exchange National Bank.