## PERSONAL FINANCE CO. OF LOUISI-ANA, Inc., v. THOMAS et al.

### No. 16240.

Court of Appeal of Louisiana. Orleans.

April 20, 1936.

Cabral, Lenfant & Villere, of New Orleans (H. W. Lenfant, of New Orleans, of counsel), for appellant.

Geo. M. Brooks, of New Orleans, for appellees.

McCALEB, Judge.

On May 2, 1935, the plaintiff filed this suit against Harry O. Thomas and Vermelle K. Thomas, wife of Harry O. Thomas, alleging, in substance, as follows: That the plaintiff is the holder and owner of a certain promissory note dated August 8, 1934, in the sum of $300 made by the defendants, and that said note is past due and unpaid. The note is annexed to the petition and shows that it was payable in nineteen successive monthly installments from date at the rate of $15 per month and a twentieth installment covering any unpaid balance, and that default in the payment of any installment of the principal or interest would render the entire principal and accrued interest thereon at once due and payable. The note is nonnegotiable and is secured by a chattel mortgage upon furniture owned by defendants. The petition further alleges that plaintiff reserves all of its rights under the chattel mortgage, which secures payment of the principal obligation. It also sets forth that the plaintiff is cognizant of the fact that Harry O. Thomas, one of the defendants, was adjudicated a bankrupt on February 26, 1935, in the proceedings No. 5234 in bankruptcy in the United States District Court for the Eastern District of Louisiana, but it is averred that the promissory note, which is the subject of the action, is a debt which is not dischargeable under the bankruptcy laws because the money loaned by the plaintiff to the defendants was obtained by false pretenses and false representations within the purview of the Bankruptcy Act of the United States, as amended, particularly section 17(2) thereof, 11 U.S.C.A. § 35(2); that the money was obtained upon a financial statement which was false and known at the time to be false by the defendants, and that the plaintiff relied thereon in making the loan.

The defendant, Harry O. Thomas, appeared and filed a plea to the jurisdiction of the court on the ground that he was adjudicated a bankrupt and that the note sued on is listed among his debts. Both he and

his wife filed exceptions of no cause of action, together with answers which specifically set forth the bankruptcy adjudication as a bar to the action.

The trial court found that it was necessary to defer action upon the plea to the jurisdiction and the exception of no cause of action until the evidence in the cause was taken and, after hearing on the merits, granted judgment as prayed for against Mrs. Vermelle K. Thomas, and dismissed the case against Harry O. Thomas as of nonsuit.

Plaintiff has appealed from the judgment of dismissal.

The first question for consideration here is the defendant's plea to the jurisdiction.

The facts developed in the trial court with relation to the bankruptcy proceedings are: That on February 26, 1935, Harry O. Thomas was adjudicated a bankrupt and on March 21, 1935, the first meeting of creditors was held. The plaintiff in this suit appeared at that meeting and filed a claim against the bankrupt's estate for the amount of the note here sued upon. The referee in bankruptcy found that the plaintiff was a secured creditor holding a chattel mortgage on the defendant's furniture, plaintiff's rights as such, however, being subordinate to the landlord's lien. As far as the record shows, no further action has been taken by the plaintiff in respect of its claim against the defendant Thomas in the bankruptcy proceedings.

The Bankruptcy Law, § 17(2), as amended, 11 U.S.C.A. § 35(2), provides that a discharge in bankruptcy will not release the bankrupt from debts such as "are liabilities for obtaining property by false pretenses or false representations." This court has held, in De Latour v. Lala, 15 La.App. 276, 131 So. 211, that a suit may be maintained in the state court against a debtor after his discharge in bankruptcy, provided that the debt for which judgment is sought is not one from which the defendant could have been discharged under the bankruptcy laws. See, also, Armour Fertilizer Works v. Peninger (La.App.) 158 So. 241. But in those cases the suits were filed after the defendant had been discharged in the bankruptcy proceedings, and it does not appear whether or not the creditor made an appearance in the bankruptcy court in order to have his rights determined. In fact, a research of the available cases decided throughout this country fails to disclose any case where a suit such as this was brought in the state court subsequent to the adjudication of the bankrupt but prior to his discharge in the bankruptcy court.

Counsel for plaintiff argues that, if the debt is not dischargeable in bankruptcy, the plaintiff has the right to disregard the bankruptcy proceedings, and it makes no difference whether the suit seeking to enforce liability is instituted before or after defendant's discharge by the bankruptcy court.

This claim, as a general proposition, is not without merit, but we believe that it must fail when applied to the facts of the case at bar. Undoubtedly, whether a debt is one dischargeable in bankruptcy or not can be determined by the bankruptcy court.

"(a) Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending. * * *

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has; * * * or (3) Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition." Title 11 U.S. C.A., Bankruptcy, c. 3, § 32(b).

The proper forum for a creditor, having a claim against an adjudicated bankrupt seeking a discharge of the debt, to litigate that question is the bankruptcy court. This is especially true where the creditor has asserted his claim, as in this case, in the bankruptcy proceedings. Here the plaintiff was notified of the bankruptcy proceedings and appeared therein and filed his claim. Jurisdiction to determine the rights of both the plaintiff and the defendant thereby became vested in the bankruptcy court, and, while the matter is pending in the federal court, for reasons of comity, if no other, the state court should not in any way attempt to interfere with the former's jurisdiction.

Counsel for plaintiff suggests that the right to maintain this suit has been recognized by the United States Circuit Court of Appeals for the Fourth Circuit in the case

.of Family Small Loan Co. of Richmond, Inc., v. Mason, 67 F.(2d) 207, but a review of the facts of that case clearly distinguishes it from the case at bar.

In that case the appeal was taken from an order of the United States District Court staying proceedings in ,the state court during the pendency of the bankruptcy proceedings. There was a sitpulation filed in the record and counsel for the bankrupt admitted that the suit in the state court was one for fraud and deceit. The court held that, inasmuch as the claim was admittedly a debt not dischargeable under the bankruptcy laws, the grant of the stay order was improper. In discussing the matter, the court said: "Interesting questions discussed in the briefs as to *whether the bankruptcy court should hear evidence on the nature of the debt where the pleadings in the state court show a debt that is not dischargeable,* need not be considered, as here the court considered the evidence presented in the form of a stipulation by counsel; and this evidence, as well as the pleadings in the state court, *showed a debt which was not dischargeable.*" (Italics ours.)

The above quotation from the court's language indicates that, if the question of the dischargeability of the ,debt is debatable, the proper tribunal for determination of the question is the bankruptcy court. At all events, the decision in the Family Small Loan Case, supra, can have no application here because the plaintiff, prior to the filing of this suit, made its claim in the bankruptcy proceedings and the jurisdiction of that court attached.

In the case of In re Weitzman (D.C. Tex., 1923) 11 F.(2d) 897, Judge Atwill held: "Defrauded creditor has option of interposing bar to discharge, or permitting it and then asserting claim as not affected by discharge."

■ In the case at bar, it appears that the plaintiff has exercised its option by filing its claim in the bankruptcy court. Under the provisions of law the plaintiff's rights are fully protected in the federal court, and it may not use the processes of the state court for the purposes sought for herein during the pendency of its claim in the federal court. Hence, we are of opinion that this court is without jurisdiction and that the plaintiff is estopped from asserting its claim here.

It is therefore unnecessary to discuss the merits of the cause.

For the reasons assigned, the judgment appealed from is amended, in so far as defendant, Harry O. Thomas, is concerned, by changing the same from a dismissal of plaintiff's suit as of nonsuit to a judgment of absolute dismissal, and, as thus amended, the judgment appealed from is affirmed.

Amended and affirmed.