## In re HENAHAN.

### No. 66643.

District Court, N. D. Illinois, E. D.
March 26, 1940.

Frank C. Hill, of Chicago, Ill., for Joseph M. Greenwald & Co.

Fred Holy, of Chicago, Ill., for bankrupt.

Harry D. Koenig, of Chicago, Ill., for Division Finance Corporation.

HOLLY, District Judge.

Michael Henahan, the bankrupt, filed his petition for discharge. Certain creditors filed objection alleging that the bankrupt had obtained money or credit from them by making in writing a materially false statement respecting his financial condition. Upon a hearing the referee found that the allegations of the objectors to discharge had been sustained and recommended the discharge be denied. The report of the referee was approved. Later, Division Finance Corporation, a creditor who had filed a claim but had not opposed the discharge, moved to dissolve a restraining order which had been entered shortly after adjudication

restraining the bankrupt's creditors from pursuing any remedy for the collection of their debts other than filing their claims in the bankruptcy proceeding.

Counsel for the bankrupt have moved to have the order denying discharge amended to provide that the bankrupt is "denied a discharge from those debts where objections have been filed and sustained," citing in support of his contention In re Morgan, 2 Cir., 267 F. 959 and In re Weitzman, D.C., 11 F.2d 897.

There is language in the opinion of Judge Manton in Re Morgan, supra, to sustain the bankrupt's contention. Judge Manton said [267 F. 962], "Congress, however, never intended to refuse a bankrupt his release from all of his debts because he had contracted one or more fraudulently." This statement was mere dictum not called for by any of the issues in the case, and I cannot agree with Judge Manton in his interpretation of the provisions of the Bankruptcy Act concerning discharges, even though he was followed by Judge Atwell, Re Weitzman, supra.

The Bankruptcy Act of 1898, as amended, provided, section 14 sub. c, that a bankrupt should be discharged from his debts unless the court is satisfied that the bankrupt has, "(1) committed an offense punishable by imprisonment as provided under this Act [title]; or (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; or (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; or (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; or (5) has within six years prior to bankruptcy been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this Act [title]; or (6) in the course of a proceeding under this Act [title] refused to obey any lawful order of, or to answer any material question approved by, the court; or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

This section provides for discharge from all debts or none. It does not provide for discharge from some debts but not others. As to the acts mentioned in each of the numbered clauses except (3) the meaning clearly is that if the bankrupt was guilty of those acts the denial of the discharge applies to all debts. If Congress had intended that the making of the false statements mentioned in (3) should prevent a discharge only as to the debts contracted on the faith of the false statements, it would have said so.

I must hold that in this case the bankrupt was not discharged from any of his debts and his motion to amend the order must be denied.

An order accordingly will be entered March 26, 1940.