McINNIS, Judge.
On June 25, 1951 plaintiff secured judgment against defendant in Seventh District Court, Catahoula Parish, for $240.45 with interest, attorney’s fees and costs. Defendant did not pay the judgment, but on May 31, 1952 he was residing in Rapides Parish and working for Thompson-Slatten Motors. Plaintiff caused a writ of fieri facias to issue from the Clerk of Court of Catahoula Parish, directed to the Sheriff of Rapides Parish, and on May 31, 1952 filed a petition setting forth that the debt had not been paid; that defendant was employed by garnishee, and secured an order directing garnishee to answer the interrogatories annexed to the petition. Also annexed to the petition are the writ of fieri facias and a certified copy of the judgment. Defendant was served with notice of the filing of the proceedings, together with a copy of the petition.
On June 10, 1952 defendant filed an- answer in which he sets up in bar of execution of the judgment, his discharge in bankruptcy proceedings on April 16, 1952, in Cause No. 7078, United States Court for the Western District of Louisiana, and annexed a copy of the order discharging him. He prays that the garnishee be relieved from answering the interrogatories.
On June 11, 1952 garnishee answered saying it owed defendant nothing and had no money or property belonging to defendant in its possession or under its control, and that defendant is indebted to it in the amount of $177.15; admitted that defendant was employed by it at a salary of $225 per month and that his debt to it was being paid $20 a month out of his salary. The answer of garnishee also set up the discharge of defendant in bankrupt court, and pleaded this in bar of the garnishment proceeding.
On June 19, 1952 plaintiff filed a motion which alleged that garnishee had answered admitting the employment and setting up the discharge in bankruptcy; that defendant on August, 28, 1950 made a false and fraudulent statement to it, declaring that he owed $283, when in fact he owed $998.-02, and that if he had shown the true amount he owed it would not have made the loan, and that on account of this fraudulent statement, defendant was not discharged from this debt. An order by the court required defendant and garnishee to show cause on October 3, 1952, why the exempt portion of the salary of defendant should not be fixed, and the remainder declared subject to garnishment. The financial statement was annexed to this motion.
The trial of the rule was refixed for October 14, 1952. On October 10, defendant filed exception of no cause and no ..right of action and exception of lis pendens to the rule, asking for $50 attorney’s fees. The exception of lis pendens was directed to the fact that the plea in bar filed by him June 10, 1952 had not been tried.
On October 14, defendant filed answer to the rule, reserving his rights under exceptions filed, reiterated his answer of June 10, and additionally averred that the judgment of plaintiff against him was listed *8 in the bankruptcy proceeding; that plaintiff was notified and his attorney was present at the hearing in Alexandria and, examined the bankrupt. He again urged his discharge in bankruptcy, as a bar to this proceeding. ■
Garnishee' filed similar exceptions and answer, further contended that its answer to the garnishment proceeding had not been traversed, and that the, rule was prematurely issued.
On the day of trial, October 17, 1952, the exceptions of lis pendens, prematurity and no cause and no right of action were tried and overruled. The case was then tried on the merits, and on October 24, 1952 judgment was rendered making the rule absolute. On October 28, 1952 judgment was signed directing garnishee to pay plaintiff 20% of the wages of defendant from date of service- of interrogatories until such time as the debt with interest, attorney’s fees and costs shall be paid, at all events reserving the defendant $60 per month, and fixing the interest rate at 6% per annum after June 25, 1951.
From this judgment defendant and garnishee have each perfected suspensive appeals.
The discharge in bankruptcy of defendant discharged him from all debts and claims, except such debts as are, by bankruptcy act of June 22, 1938, 11 U.S.C.A. § 35, excepted from the' operation of a discharge in bankruptcy.
The provision of the bankrupt law under ’which plaintiff is proceeding is section 17 of the Act of June 22, 1938, 11 U.S.C.A. § 35, and so far as pertinent -here, is as follows:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * *; (2)are liabilities for obtaining money or property by false pretenses or false representations * *
Before initiating this garnishment proceeding plaintiff filed a motion in the bankruptcy proceeding, alleging that the bankrupt presented a fraudulent financial statement to it, and the Referee in Bankruptcy on-May 12, 1952 entered an order permitting it to proceed against the bankrupt, John Lloyd Adams, under the provisions of section 17 of the Bankruptcy Act, in the state courts, to determine if the debt is dischargeable. Certified copy of this order is in evidence in the record.
Numerous complaints are made by defendant and garnishee, some by way of pleading and some raised only in brief. It is contended that the rule by plaintiff on defendant and garnishee is improper. However this procedure to traverse answers of the garnishee is correct. C.P. 264.1, LSA-R.S. of 1950, 13:3911. It is also contended that the discharge of defendant in bankruptcy cannot be contested, because plaintiff made no opposition to the discharge. This contention-has been decided adversely in In re Anthony, D.C.Ill.1941, 42 F.Supp. 312, where it is said:
“A creditor who believes he has a nondischargcable debt under provision in Bankruptcy Act relating to debts not affected by discharge may, but is not required, to oppose granting of discharge, and, whether or not he opposes the discharge, he is entitled to benefit of provision”.
We are of the opinion that the several exceptions above mentioned were correctly overruled.
On the merits plaintiff proved that defendant owed debts to the amount of $885.48 on August 28, 1950, in addition to the sum of $283 listed on the financial statement he signed and delivered to plaintiff on that day. Inasmuch as he owed more than three times the amount disclosed, we conclude that the untrue statement bars him from protection of the discharge in bankruptcy.
Counsel for defendant argues that the proof offered as to the execution of the financial statement is insufficient to show its execution by defendant. It appears that plaintiff offered the only available witness, Mrs. Audrey Nell Kloninger, who was, at the time the statement was signed, employed by plaintiff, and signed the statement as a witness. Further, defendant was present at the trial, and if there *9 was any question as to the signature or. the amounts shown on the financial state7ment he should have been called as a witness to contradict the testimony plaintiff offered.
Defendant did not testify or call any other witness. Garnishee called its book-keeper, Mr. Leonard Gray, to prove the indebtedness of defendant to it. This testimony was objected to on the ground that garnishee in its answers to interrogatories did not make a full and complete disclosure in reference to the debt of $177.15 it claimed was due, and the objection was sustained. The testimony was taken and annexed to a Bill of Exception. Counsel for plaintiff, reserving his rights under the objection, cross-examined the witness as to the manner in which the debt was to be paid, and he replied that it was to be paid by withholding $20 a month from defendant’s salary.
Whether or not the objection was correctly sustained is immaterial for the reason that if plaintiff is allowed to collect 20% of defendant’s salary and his employer collects $20 a month on its debt he will still have $160 a month remaining, which far exceeds, the minimum exemption of $60.
Defendant says in brief, but not in pleadings, that the judgment on which the garnishment is based is a nullity becáuse of the interest rates fixed therein, and that it could not be corrected by the Ninth District Court. The original judgment does provide for 3]/2 per month interest on the first $150 of the judgment and 21/2% per month on the remaining amount, without providing as required by the small loan law,LSA-R.S. 6:583, that after twelve months from the last contractual installment date the interest on any balance due shall not exceed 8% interest per annum. This judgment was taken by default and no appeal was taken from it. The judgment is now final, and not subject to collateral attack here.
The district judge in this case ordered that the interest rate be 6% per annum after June 25, 1951, which is the date of the judgment made the basis of the garnishment, and plaintiff has not appealed and has not filed any answer to the appeals by defendant and garnishee. Courts may always award less than has been prayed for.
We find that this contention is without merit. The several other questions raised in brief, but not in pleadings are also without merit.
The authorities cited by defendant and garnishee are correct statements of law as applied to the facts of the several cases cited, but the, facts are wholly dissimilar to the facts in this case. To cite and distinguish them here would serve no useful purpose. . ' :
For the above reasons the judgment appealed from is affirmed at the cost of defendant-appellant and ■ garnishee-appellant.