McINNIS, Judge.
This case was before us in a proceeding by plaintiff to collect a judgment against defendant Adams, La.App., 66 So.2d 6. The issues are fully set forth in the opinion and decree rendered May 29, 1953, which became final on June 30, 1953 when rehearing 'was refused.
On July 31, 1953 and August 13, 1953 plaintiff’s counsel addressed letters to garnishee demanding payment. Payment was not made, and on August 22, 1953 plaintiff petitioned for, and was granted a rule directed to garnishee, commanding it to show cause on September 4, 1953, why it should not deliver to plaintiff 20% of the earnings of defendant Adams; from date of service of the ' garnishment, and on failure to deliver said funds within a period to be fixed by the court, why personal judgment should not be rendered against garnishee for the full amount of the judgment against Adams, with interest and costs together with 20% attorney’s fee.
Garnishee excepted to the'proceeding for the reason, it says, that it discloses no cause and no right of action, and answering the application for the rule, denied the allegations thereof, and set up as a defense that it is indefinite in that it does not show the amount of wages earned by Adams, or during what period he was employed by garnishee; that the former judgment was interlocutory, and not final upon the issues between plaintiff and garnishee; that there had been no determination of the amount of wages exempt from seizure.
After trial on the rule, the lower court found that garnishee has had a reasonable time in which to deliver to plaintiff funds subject to garnishment, and considering its refusal to do so, rendered judgment against it for the full amount of the judgment, with interest, costs and attorney’s fees.
Garnishee has perfected a suspensive and devolutive appeal to this court.
On trial of the rule only one witness testified. Mr. Robert Redmond, manager of plaintiff, testified that nothing had been paid on the judgment since the garnishment was filed May 31, 1952.
In brief of counsel for garnishee the argument made is directed to the same issues raised in the original proceeding, all of which issues are fully set forth and discussed in our consideration of the case, La.App., 66 So.2d 6, and that decree is final. Reiterating the answers to garnishee’s contentions reurged here would serve no useful purpose. No new issue has been raised by the pleading or in brief.
Counsel for plaintiff urges in brief that the appeal of garnishee is frivolous, and aslcs that damages be awarded for frivolous appeal. As plaintiff did not file an answer *625 to the appeal this request made only in brief cannot he considered.
For the reasons assigned the judgment appealed from is affirmed at the cost of garnishee in the lower court and in this court.